Frederick Wayne **JOHNSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–90–138–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 25, 1990.

Discretionary Review Refused
March 20, 1991.

Stanley C. Kirk, Houston, for appellant.

Roger A. Haseman, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Frederick Wayne Johnson, appeals his judgment of conviction for the offense of aggravated sexual assault of a child. TEX.PENAL CODE ANN. § 22.021 (Vernon 1989). The jury rejected appellant's not guilty plea and, after finding the two enhancement paragraphs of the indictment to be true, assessed punishment at life confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Rhonda Kelso testified that she was walking down the street when appellant grabbed her by the arm, stating "come here." Kelso jerked away from appellant and continued walking until she heard a scream, turned around, and saw that appellant had gone across the street to grab the girl who is the complainant in this case. Appellant pulled the girl by the arm across the street into a building. The girl was trying to resist but appellant pulled her steadily into the building. Kelso called 911 and tried to get help from some men working in the area. The police arrived about 15 to 25 minutes later, entered the building, and returned with appellant and the girl.

A.Y., the complainant, testified that she had just turned 16 about a week before this incident. On August 31, 1988, the complainant was on her way from her mother's house to visit her boyfriend at the University of Houston. While walking down the street, she observed appellant who approached and followed her. The Complainant turned around and, as appellant got closer, she screamed. Appellant grabbed the complainant by the hair and stuck something in her back, as he told her to "shut up screaming" or he would kill her. Appellant took complainant across the street and they entered an abandoned hospital building. The complainant was terrified. Appellant ordered the complainant to take off her clothes. Appellant told the complainant that if she screamed, he was going to kill her. Appellant then had vaginal intercourse with the complainant who was crying and in fear. Appellant told the complainant to get up indicating that he was going to take her to a house. The complainant believed that she was going to be killed when a police officer walked into the room and arrested appellant. The complainant was taken to a hospital where a rape kit examination was conducted and where she was treated by a doctor.

Dr. Robert Noel testified that on August 31, 1988, he was working in the Emergency Department at Texas Children's Hospital. Noel examined the complainant and observed that she had sand in her hair and on the back of her shirt. Noel observed sand "as deep in as the vaginal vault itself, behind the cervix, which would be fairly deep into the vaginal vault, not a normal area where you experience sand." He also found a string of blue textile material, and a white discharge fluid that resembled semen. Cleva West, a chemist with the Houston Police Department Crime Laboratory, confirmed that the substance was semen.

In appellant's first and second points of error, he asserts the following:

1) The State's prosecutor, on voir dire examination, told the jury that it would prove the alleged sexual assault was the complainant's first sexual experience—evidence highly prejudicial to the appellant that the State failed to prove.

2) The trial court erred in granting the State's motion in limine to prevent the appellant from questioning a State's doctor to prior acts of sexual intercourse by the complainant when the State had opened the door to such issue on voir dire examination.

■ Appellant initially complains about the following voir dire examination by the prosecutor:

Just to start it off, you know what kind of case we have. We are trying today an aggravated sexual assault and that's what we are going to be dealing with and that's going to mean some real personal, possibly graphic descriptions of things. Just to get the ball rolling, who wants to tell me—stand up and tell all of us about your first sexual experience? And, remember, this time you have to be under oath, you have to tell the truth about it. Anyone here want to stand up and tell us all about that?

I'm sure you don't. I don't know anyone who wants to, voluntarily, and I know y'all probably don't, but that's what's going to be happening. We are going to have to hear testimony from [A.Y.], the complainant in this case, about just such an experience; and that may cause embarrassment in itself to members of the jury.

Is there anyone here who feels that they, because of their own feelings, their up-

bringing or some other reason, feels they would not be able to pay attention to what was going on because of embarrassment or discomfort at hearing such things discussed in a big courtroom full of people? Okay.

Appellant's contention is that the prosecutor improperly told the jury venire that the offense was the first sexual experience for the complainant. There was no objection to the prosecutor's voir dire examination. Therefore, nothing is preserved for appeal. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex.Crim.App.1986).

■ However, in reviewing the merits of appellant's contention, it is clear from the record that the prosecutor was not talking about the specific facts of this case but was preparing the venire for the type of evidence the seated jury would hear about a topic that each member of the venire would likely be uncomfortable discussing in public. Although the prosecutor used the example of their "first sexual experience," she did not directly state or even imply that the offense constituted the complainant's first sexual experience. It was simply an example, unrelated to the complainant, and there is no evidence in the record to suggest that the example was taken any other way. It is obvious from the record that the prosecutor's concern was that someone on the venire might be so offended or embarrassed by the type of testimony in the case that he or she could not listen to the evidence and render a fair and impartial decision.

The prosecutor did not relate any of the facts of this case to the venire during voir dire. By citing this Court to Tex.R.Crim. Proc.Ann. art. 36.01(a)(3) (Vernon 1990) for the proposition that the prosecutor stated more than what she expected the evidence to show, appellant confuses the voir dire process with an opening statement to a seated jury. *See Peake v. State*, 755 S.W.2d 541 (Tex.App.—Houston [1st Dist.] 1988, pet. granted). (Where the prosecutor informed the jury in an *opening statement* that the defendant had given a confession to the crime, and the confession was later suppressed, the remarks required reversal).

■ In her opening statement to the jury, the prosecutor never stated that the complainant would testify that this was her first sexual experience. Furthermore, the complainant never so testified nor did the prosecutor argue to the jury at any time that this was the complainant's first sexual experience. Appellant has not cited this Court to any authority for the proposition that it is error for the State *not* to prove up any allegation that it makes during the voir dire process. Failing to cite authority in support of the point of error presents nothing for review. *MacDonald v. State*, 761 S.W.2d 56, 60 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd).

■ In his second point of error, appellant contends that the prosecutor's remark about the "first sexual experience" on voir dire opened the door to questioning the complainant about her past sexual conduct. Specifically, appellant argues that the trial court incorrectly precluded him from questioning the complainant's attending physician about prior acts of sexual intercourse.

The trial court denied appellant's request to question the complainant about any prior sexual conduct. Then during the cross-examination of Dr. Noel, the trial court granted the State's oral motion in limine which prevented appellant from questioning Dr. Noel regarding prior sexual activity on the part of the complainant. Even so, Noel testified that the complainant's hymenal ring not only was not intact, it was non-existent. Therefore, there was no evidence of hymenal ring tearing nor evidence of any vaginal bleeding.

■ Other than the questions asked and answered by Noel, appellant did not prepare a bill of exceptions as to any questions or answers precluded by the trial court. If a defendant's cross-examination is unduly limited by the trial court, a bill of exceptions must be perfected to show what questions the defendant wanted to propound and the answers he expected to elicit, or nothing is preserved for review. *Easterling v. State*, 710 S.W.2d 569, 578 (Tex. Crim.App.1986), *cert. denied*, 479 U.S. 848, 107 S.Ct. 170, 93 L.Ed.2d 108 (1986). Ap-

pellant did not preserve error. TEX.R. APP.P. 52(b).

■ Even if the complaint had been preserved, we find that the trial court properly precluded the testimony. During voir dire, the prosecutor abandoned the first two paragraphs of the indictment alleging sexual assault, and informed the court that the State was proceeding to trial only on the *aggravated* sexual assault of a child count of the indictment. A defense that the complainant engaged promiscuously in sexual conduct prior to the time of the offense does not apply to the offense of aggravated sexual assault. TEX.PENAL CODE ANN. §§ 22.011(d)(1) and 22.021(d) (Vernon 1989). Appellant's first and second points of error are overruled.

■ In his third point of error, appellant asserts that the trial court's jury instruction at the punishment stage concerning good time and parole was predicated upon an unconstitutional statute and was not harmless. It is clear from appellant's brief that he is challenging the parole instruction under the authority of *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1987). However, subsequent to *Rose*, article 37.07, section 4 has been re-enacted. TEX.CODE CRIM. PROC.ANN. art. 37.07, Sec. 4 (Vernon Pamp. 1990). The reenactment took effect on November 7, 1989 by constitutional amendment. TEX.CONST.ANN. art. IV, Sec. 11(a) (Vernon Supp.1990). It permits the trial court to give jury charges on the parole law. Since the trial of this cause occurred in February 1990, the case is controlled by the constitutional amendment. *Rose* has no applicability to this case. Appellant's third point of error is overruled. Accordingly, the judgment of the trial court is affirmed.