Alvin Lee HAWKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–90–150 CR.

Court of Appeals of Texas,
Beaumont.

April 17, 1991.

Rehearing Denied May 2, 1991.

Petition for Discretionary Review
May 15, 1991.

Gaylyn Leon Cooper, Beaumont, for appellant.

Tom Maness, Dist. Atty., John R. DeWitt, Asst. Dist. Atty., Beaumont, for State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

OPINION

BROOKSHIRE, Justice.

Appellant was found guilty by a jury of the offense of Burglary of a Habitation. The jury assessed punishment at ninety-nine years confinement. This Court re-

versed and remanded the case to the trial court for a new trial on punishment only. *Hawkins v. State,* 766 S.W.2d 840 (Tex. App.—Beaumont 1989, pet. ref'd). The new trial on punishment was had before a jury on August 8, 1990. The jury assessed punishment at fifty years confinement. The trial court entered judgment and sentenced Appellant in accordance with the jury verdicts. Appellant has perfected this appeal from the judgment of the trial court.

■ Appellant's first point of error urges that the trial court erred in failing to declare a mistrial due to the State's use of its peremptory strikes to eliminate potential jurors of the same race as Appellant. Appellant's brief merely states this point of error, recites that a hearing was conducted concerning the peremptory strikes made by the State, that the trial court denied Appellant's motion and that such denial was erroneous. Appellant then cites three cases as authority. Argument of a point of error "shall include ... such discussion of the *facts and the authorities* relied upon as may be requisite to maintain the point at issue". TEX.R.APP.P. 74(f) (Vernon Supp. 1991). Appellant's brief totally fails to inform this Court how the trial court erred in denying him relief or harming him. Therefore, Appellant is not entitled to review of the trial court's decision to deny his motion. *Hefner v. State,* 735 S.W.2d 608, 626–27 (Tex.App.—Dallas 1987, pet. ref'd). Appellant's first point of error is overruled.

■ Appellant's second point of error asserts that the trial court erred in overruling his objection to comments made by the prosecutor during argument. The prosecutor commented as follows:

What is Alvin Lee Hawkins like besides the facts of the case?

I mean, you saw that. But where is his mom or his dad or his brothers or sisters or his minister or his good friends?

Appellant objected on the grounds that these comments were outside the record and called for the jury to speculate. The trial court overruled the objection. Appellant argues that these comments caused the jury to assume that Appellant was

without the support of family or friends. From the context of the argument it is clear that the prosecutor was not asking the jury to consider evidence outside the record, but rather he was commenting on Appellant's failure to call any witnesses in his own behalf. *See Thomas v. State,* 638 S.W.2d 481 (Tex.Crim.App.1982). Appellant's second point of error is overruled.

■ In his third point of error Appellant complains of the trial court's failure to sustain his objection to another argument made by the prosecutor. There was evidence that the house which Appellant burglarized was ransacked. Someone had killed the victims' pet bird by pulling its head off. The victims' personal belongings were strewn all over the house. Eggs had been thrown into cabinets in the kitchen. Someone had defecated on a bed and then cleaned themselves on some of the victim's clothing. In his closing argument the prosecutor made the following statement:

But this is the final act of desecration. Besides defecation, besides the guy going to the bathroom on their floor, let me not forget to mention that he also urinated on their bed. Don't forget that, too.

Appellant objected on the ground that there was no evidence that Appellant did "anything other than burglarize" the house.

There was no evidence that anyone other than Appellant had any opportunity to have committed the acts attributed to him by the prosecutor's argument. Therefore, the prosecutor's comments were no more than reasonable deductions from the evidence, which were permissible argument. *McKenzie v. State,* 617 S.W.2d 211 (Tex. Crim.App.1981).

■ In his next point of error Appellant urges the trial court erred in overruling his objection to another argument made by the prosecutor. The record contains the following comments by the prosecutor:

But, you know, since 1972 he's been a burglar. And in the first burglary he's given a chance, I guess as we all should; and he's given probation. So, take that into consideration. And then his proba-

tion is revoked, and he's given a five-year sentence. And then in '73 he commits another burglary; and that jury said— whatever the facts of that burglary are or any other evidence that they heard in punishment, they said, "Well, five years didn't teach you very much. Twelve years this time."

Appellant objected on the ground that there was no evidence the 1973 jury made any such statement. The trial court overruled the objection.

There was evidence that Appellant did receive a five year sentence for his first burglary conviction and that the jury in his second burglary conviction assessed a twelve-year sentence. From the context of the prosecutor's statement and from the evidence before the jury it is clear that the jury would have understood that the prosecutor was speaking figuratively. Furthermore, these comments did not introduce any new and harmful fact before the jury. *See Mathews v. State,* 635 S.W.2d 532 (Tex. Crim.App.1982). Therefore, Appellant's fourth point of error is overruled.

■ Appellant's fifth point of error asserts that the trial court erred in submitting an instruction to the jury concerning good time credit and parole. The instruction given was the one mandated by the Code of Criminal Procedure article 37.07 § 4(b). TEX.CODE CRIM.PROC.ANN. art. 37.07 § 4(b) (Vernon 1991) became effective November 7, 1989, upon approval of the voters of TEX.CONST. art. IV § 11(a). Appellant's trial was held on August 8, 1990, and therefore, article 37.07 § 4(b) was applicable to his case. Therefore, the trial court did not err in giving this instruction. Appellant's fifth point of error is overruled and the judgment of the trial court is affirmed. We happily abide by the will of the majority of Texas voting citizens and the Texas Constitution.

AFFIRMED.