Eric Norman MARKS, Appellant,

v.

STATE of Texas, Appellee.

No. 11–90–027–CR.

Court of Appeals of Texas,
Eastland.

Aug. 15, 1991.

Frumencio Reyes, Jr., Reyes & Reyes,
Castillo, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston,
for appellee.

## OPINION

McCLOUD, Chief Justice.

The jury found appellant guilty of possessing less than 28 grams of cocaine. After finding that he had been previously convicted of two felonies alleged for enhancement, the jury assessed appellant's punishment at confinement for 30 years. We affirm.

The controlling issue is the effect of the 1989 Amendment to Article IV, Section 11 of the Texas Constitution which provides that the Legislature shall have authority to enact laws that "require or permit courts to inform juries about the effect of good conduct time and eligibility for parole." Appellant's trial commenced on January 22, 1990.

Appellant contends that the trial court erred in including in the charge an instruction regarding the parole law and good conduct time. The instruction complied with the "reenacted" TEX.CODE CRIM. PRO.ANN. art. 37.07, § 4 (Vernon Supp. 1991). Appellant argues that the instruction given pursuant to the mandate in Article 37.07, Section 4 violates his rights to due course of law under TEX.CONST. art. I, §§ 13 and 19. Appellant also urges that the instruction violates the separation of powers doctrine in Article II, Section 1 of the Texas Constitution.

The constitutional complaints asserted by appellant are the same contentions sustained by the Court in *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1987). Appellant argues that the defects acknowledged in *Rose* still exist.

Following *Rose*, the Legislature passed Tex. S.B. 54, 71st Leg., 1989 TEX.GEN. LAWS 442, which was a reenactment, with only slight change, of the prior Section 4 of Article 37.07 which the *Rose* Court had held to be unconstitutional. Section 2 of S.B. 54 provided:

This Act takes effect on the date on which the constitutional amendment proposed by S.J.R. No. 4, 71st Legislature, Regular Session, 1989, takes effect. If that amendment is not approved by the voters, this Act has no effect.

The Legislature passed a proposed constitutional amendment in Tex.S.J.Res. 4, 71st Leg., 1989 TEX.GEN.LAWS 6414 which provided that Article IV, Section 11 of the Texas Constitution was amended and stated in part:

The Legislature shall have authority to enact parole laws and laws that require or permit courts to inform juries about

the effect of good conduct time and eligibility for parole or mandatory supervision on the period of incarceration served by a defendant convicted of a criminal offense.

The amendment to the Constitution proposed by S.J. Res. 4 was approved by the Texas voters at the November 7, 1989, election.

The 1989 Amendment to Article IV, Section 11, is the latest expression of the will of the people, and any provisions of the Constitution previously existing that are in conflict with the amendment must yield to the amendment. *Cramer v. Sheppard*, 140 Tex. 271, 167 S.W.2d 147 (1942). Constitutional amendments are discussed in 12 TEX.JUR.3d *Constitutional Law* § 29 (1981):

> In construing a constitutional amendment, the court will look both to the evil sought to be cured and to the remedy sought to be applied. A constitutional amendment becomes as much a part of the organic law as if it had been originally incorporated in the constitution. A constitutional amendment, being the last expression of the will of the people, will supersede any conflicting constitutional provision. If the later amendment deals with a subject in its entirety, it effects a repeal of all former constitutional provisions dealing with the same subject. But if there is no inconsistency, the courts have the duty to construe the amendment and preceding provisions so as to give effect to all. The controlling guide is the intent of the makers and adopters.

12 TEX.JUR.3d *Constitutional Law* § 28 (1981), states:

> Should there be a conflict between a general and a special provision of the constitution, the special provision will prevail. When one section of the constitution expresses a general intention to do a particular thing, and another section expresses a particular intention incompatible with the general intention, the particular intention is to be considered in the nature of an exception.

See also 16 C.J.S. *Constitutional Law* §§ 28 and 29 (1984); 16 AM.JUR.2d *Constitutional Law* § 103 (1979).

The "due course of law" and "separation of powers" doctrines are broad general provisions of the Constitution. The *Rose* Court held that the former Section 4 of Article 37.07 and the instruction required by that article violated those constitutional doctrines. Following *Rose*, the Constitution was amended to provide specifically that laws could be passed requiring or permitting the court to inform the jury about the effect of good conduct time and eligibility for parole. The general "due course of law" and "separation of powers" doctrines as construed in *Rose* are incompatible with the specific provisions of the 1989 amendment. The 1989 amendment must prevail.

The 1989 amendment clearly and expressly grants to the Legislature authority to enact laws that require or permit courts to "inform juries" about the effect of good conduct time and the eligibility for parole. The "reenacted" Section 4 of Article 37.07 mandated the instruction under attack. Appellant has failed to show that Section 4 of Article 37.07 and the instruction required by it are unconstitutional.

The judgment of the trial court is affirmed.