**Eric Norman MARKS, Appellant,**

v.

**The STATE Of Texas, Appellee.**

**No. 1204–91.**

Court of Criminal Appeals of Texas, En Banc.

April 22, 1992.

Frumencio Reyes, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Carol M. Cameron, Mark Font, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

Appellant was convicted by a jury of the felony offense of possession of a controlled substance. Article 4476–15, Section 4.04, V.A.C.S.[1] After finding two enhancement

---

**1.** The Texas Controlled Substance Act has been repealed and the Legislature has adopted a non-

allegations to be true, the jury assessed punishment at thirty years' confinement in the Texas Department of Criminal Justice, Institutional Division. The Court of Appeals affirmed appellant's conviction in a published opinion. *Marks v. State*, 815 S.W.2d 817 (Tex.App.–Eastland, 1991). We granted appellant's petition for discretionary review to determine whether the Court of Appeals correctly held that Article 37.07, Section 4, V.A.C.C.P., enacted in 1989 pursuant to the amendment of Article IV, Section 11(a), of the Texas Constitution, and the jury instruction that it authorizes, are constitutional in light of this Court's holding in *Rose v. State*, 752 S.W.2d 529 (Tex. Cr.App.1987), and Article I, Sections 13 and 19 in the Texas Constitution. We shall affirm.

In our decision in *Oakley v. State*, delivered this day, we determined that Article 37.07, V.A.C.C.P., was properly re-enacted by the Legislature pursuant to the authority granted it in Article IV, Section 11(a), of the Texas Constitution, as amended in 1989. *Oakley v. State*, 830 S.W.2d 107 (Tex.Cr.App.1992). Furthermore, we determined that the amendment in Article IV, Section 11(a), does not violate the due course of law provisions in Article I, Sections 13 and 19. Appellant's case commenced on January 22, 1990, after the effective date of the constitutional amendment and its attendant legislation. Therefore, the Court of Appeals properly found that the trial court did not err in appellant's case by giving the jury instructions regarding the parole law and good conduct time.

Accordingly, the judgment of the Court of Appeals is affirmed.

BAIRD, J., concurs and files an opinion.

CLINTON and MALONEY, JJ., dissent for reasons stated in the dissent in *Oakley v. State*, 830 S.W.2d 107 (Tex.Cr.App., delivered this day).

substantive recodification of the Act in the new Health and Safety Code. This Act took effect September 1, 1989. Article 4476–15, Section

BAIRD, Judge, concurring.

For the reasons stated this date in *Oakley v. State*, 830 S.W.2d 107, 112 (Tex.Cr. App.1992) (Baird, J., concurring), I concur.

4.04 was replaced with Section 481.112, Texas Health and Safety Code.