IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-073-CR





GEORGE N. MILHIM,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY



NO. 347,687, HONORABLE DAVID PURYEAR, JUDGE PRESIDING



 





 Appellant was found guilty in a bench trial of assault causing bodily injury, a Class
A misdemeanor. See Tex. Penal Code Ann. § 22.01(a)(1) (West 1989). The trial court assessed
appellant's punishment at one hundred and twenty days' confinement in the county jail and a fine
of five hundred dollars.

 Appellant advances five points of error. In his first two points, appellant contends
that the trial court erred in excluding testimony showing that the instant assault charge had not
been filed until after the complaining witness had received service on appellant's civil lawsuit
"arising out of the same incident." In his third and four points of error, appellant urges that the
trial court erred in excluding, as hearsay, testimony concerning the complaining witness's
statement to the police officer and the offense report of Officer Limon. Lastly, in hs fifth point
of error, appellant challenges the sufficiency of the evidence to sustain the conviction. We shall
affirm the judgment of conviction.

 We shall first consider the last point of error. The assault occurred in the parking
lot or yard of the M & M Towing Service [M & M Vehicle Transport, Inc.] in the early afternoon
of October 29, 1990. David Patrick Bennett, the complaining witness, had gone with his wife,
Stephanie, to the towing company to recover her impounded car. After the towing fee was paid
and the car was released, the Bennetts observed that the car had a cracked taillight cover and that
there was damage to the rear bumper. They were told by Jackie Milhim, appellant's wife and an
employee of the towing company, that they would have to await the return of the wrecker driver
who had towed the Bennett car to resolve any issue of damages. Appellant arrived at the towing
company simultaneously with the wrecker driver. Appellant leased wreckers to the towing
company and has a used car lot at the location. He was not, however, employed by the company. 
Appellant and the driver simulated a towing for the Bennetts to demonstrate that any damage to
the car had not resulted from the towing. The Bennetts were not convinced. They pointed to
truck paint on the taillight cover and insisted that the tow bar had damaged the bumper.

 According to the State's testimony, appellant became belligerent, started yelling
obscenities and ordered the Bennetts off the property. The yelling escalated to physical contact
when appellant began pushing his stomach up against David Bennett. Appellant then ordered the
wrecker driver to reimpound the Bennett car. Stephanie Bennett immediately moved her car. 
David Bennett started towards his own vehicle. When Bennett opened the door of his vehicle,
appellant slapped Bennett in the face with his hand. Bennett got into his vehicle. Appellant
pressed his face against the vehicle's window, shouting obscenities. Bennett rolled down the
window to tell appellant to stop bending the antenna on the vehicle. When he did, the appellant
hit him in the face two or three times with a closed fist. Bennett got out of his vehicle. He was
struck again by the appellant. Bennett and his wife both left the premises and drove their vehicles
to a Texaco service station. The police were called. After giving a report to the police, David
Bennett returned to his workplace and visited an on-site physician because he was bruised and was
experiencing pain, particularly in his cheek bone. Stephanie Bennett saw her husband being
beaten and observed his swollen eyes and the red spots on his face. Officer Martin Limon, Jr.,
also observed the redness and swelling around David Bennett's left eye.

 Appellant and four defense witnesses all denied that appellant hit David Bennett. 
They stated that Bennett at one time struck the appellant.

 The elements of the offense of assault under section 22.01(a) of the Texas Penal
Code are:



(1) an individual


(2) intentionally, knowingly or recklessly


(3) causes bodily injury to another.



Tex. Penal Code Ann. § 22.01(a) (West 1989); see also Walker v. State, 761 S.W.2d 572, 575
(Tex. App.--San Antonio 1988), pet. dism'd, 811 S.W.2d 131 (Tex. Crim. App. 1991). "'Bodily
injury' means physical pain, illness, or any impairment of physical condition." Tex. Penal Code
Ann. § 1.07(a)(7) (West 1974).

 The information, in pertinent part, alleged that appellant on or about October 29,
1990, "did then and there intentionally and knowingly cause bodily injury to another, namely: 
David Bennett by striking David Bennett about the head with hand."

 The standard for reviewing the sufficiency of the evidence is whether, viewing the
evidence in the light most favorable to the judgment (in a bench trial), any rational trier of fact
could have found beyond a reasonable doubt the essential elements of the offense charged. 
Jackson v. Virginia, 443 U.S. 307, 319 n.12 (1979); Valdez v. State, 776 S.W.2d 162, 165 (Tex.
Crim. App. 1989), cert. denied, 495 U.S. 963 (1990). The standard for review is the same in
both direct and circumstantial evidence cases. Herndon v. State, 787 S.W.2d 408, 409 (Tex.
Crim. App. 1990). The instant case was based on direct evidence.

 It must also be remembered that the trial court, sitting as a trier of fact, is the judge
of the credibility of the witnesses and the weight to be given their testimony. Mattias v. State,
731 S.W.2d 936, 940 (Tex. Crim. App. 1987), cert. denied, 488 U.S. 831 (1988). Reconciliation
of evidentiary conflicts is solely the function of the trier of fact. Bowen v. State, 628 S.W.2d 782,
784 (Tex. Crim. App. 1982); Miranda v. State, 813 S.W.2d 724, 733-34 (Tex. App.--San Antonio
1991, pet. ref'd). The trier of fact is entitled to accept or reject all or any part of the testimony
adduced. Wright v. State, 603 S.W.2d 838, 840 (Tex. Crim. App. 1988). In fact, the trial court,
as the trier of fact, may disbelieve a defendant's version of the facts. Wicker v. State, 667 S.W.2d
137 (Tex. Crim. App.), cert. denied, 469 U.S. 892 (1984).

 Appellant fails to identify the element or elements of the offense charged on which
the State's proof fails. See O'Campo v. State, 647 S.W.2d 708-09 (Tex. App.--Corpus Christi
1992, no pet.). Appellant argues that the "entire case revolves around the issue of the credibility
of the witnesses." He notes that the State produced only two eye witnesses to the alleged assault,
while the defense brought forth five eye witnesses who denied that appellant assaulted David
Bennett. As appellant concedes, however, the trial court was the sole judge of the credibility of
the witnesses.

 We conclude, viewing the evidence in the light most favorable to the judgment, and
accepting all credibility choices and reasonable inferences made by the trial court, that a rational
trier of fact could have found beyond a reasonable doubt all the essential elements of the offense
charged. See United States v. Bland, 653 F.2d 989, 995 (5th Cir.), cert. denied, 454 U.S. 1055
(1981). Appellant's fifth point of error is overruled.

 In points of error one and two, appellant contends that the trial court erred in
excluding testimony, from Stephanie Bennett on cross-examination and from appellant on direct
examination, that the instant assault charge had not been filed until after the complaining witness
had received service of appellant's civil lawsuit "arising out of the same incident."

 During the cross-examination of Stephanie Bennett, the record reflects:



Q Ms. Bennett, you've been sued along with your husband --


 MR. DUGGAN:  Your Honor, the State is going to object to this as not being
relevant to this hearing.


 MR. FRIEDMAN:  Your Honor, I think it's absolutely relevant in that the
assault complaint was not filed until after they were served with a civil
lawsuit. And I think the information contained in the lawsuit, which we're not
intending to introduce here -- it may be immaterial and irrelevant, but the fact
that the complaint was not filed and Mr. Milhim not charged with assault until
after Mr. and Mrs. Bennett were served with civil suit papers has a direct
bearing on both their motive and their credibility.


A May I say something?


 THE COURT:  I'll sustain the objection.



 Rule 103(a)(2) of the Texas Rules of Criminal Evidence provides:



(a) Effect of erroneous ruling. Error may not be predicated upon a ruling which
admits or excludes evidence unless a substantial right of the party is affected
and


 (2) Offer of proof. In case the ruling is one excluding evidence, the
substance of the evidence was made known to the court by offer or was
apparent from the context within which questions were asked.



Tex. R. Crim. Evid. 103(a)(2); see also Tex. R. App. P. 52(b).

 Nothing is preserved for review where a defendant fails to perfect his bill of
exception or make an offer of proof to show what questions he wanted to propound and answers
he expected to elicit. See Medina v. State, 828 S.W.2d 268, 270 (Tex. App.--San Antonio 1992,
no pet.); Dawkins v. State, 822 S.W.2d 668, 674 (Tex. App.--Waco 1991), pet. ref'd, 825 S.W.2d
709 (Tex. Crim. App. 1992); Johnson v. State, 800 S.W.2d 563, 566-67 (Tex. App.--Houston
[14th Dist.] 1990, pet. ref'd); Tovar v. State, 777 S.W.2d 481, 491-92 (Tex. App.--Corpus Christi
1989, pet. ref'd); see also Easterling v. State, 710 S.W.2d 569, 578 (Tex. Crim. App.), cert.
denied, 479 U.S. 848 (1986).

 Appellant has failed to perfect a bill of exception or to make an offer of proof as
to the excluded evidence. Appellant has the burden to insure that a sufficient record is presented
to show error requiring reversal. Tex. R. App. P. 50(d). In his brief, appellant refers to his
response to the State's objection as his offer of proof. He did not make this known to the trial
court. The "response" makes no mention of a civil lawsuit "arising out of the same incident" as
now claimed on appeal. The nature of the lawsuit, the names of the parties, the date of the
lawsuit and time of service is not reflected in the record. We are unable to determine the
relevancy of the evidence. See Dawkins, 822 S.W.2d at 674. Nothing is preserved for review.

 Under any circumstances, trial courts have a wide discretion in determining the
admissibility of evidence. Breeding v. State, 809 S.W.2d 661, 663 (Tex. App.--Amarillo 1991,
pet. ref'd). Error cannot be predicated upon a trial court's ruling that admits or excludes evidence
unless a substantial right of a party is affected. Ethington v. State, 819 S.W.2d 854, 858 (Tex.
Crim. App. 1991). There is no showing that the trial court abused its discretion. Breeding, 809
S.W.2d at 662-63. The first point of error is overruled.

 In his second point of error, appellant contends his counsel was prevented from
eliciting testimony from him on direct examination about the civil lawsuit. The record page
number to which appellant directs our attention does not reflect any attempt to elicit such
testimony from appellant. See Tex. R. App. P. 74(b). The State contends that the statement of
facts fails to show that appellant's counsel sought to elicit from appellant the testimony in
question. Our own examination of appellant's testimony supports this contention. Nothing is
presented for review. The second point of error is overruled.

 In his third point of error, appellant claims that the trial court erred in excluding
as hearsay, testimony concerning the complaining witness's statement to the police, "where the
statement was not offered to prove the matter asserted, but to show a lack of credibility of the
complaining witness." See Tex. R. Crim. Evid. 801(d).

 Austin Police Officer Martin Limon, Jr., testified that he was the "back-up" officer
who responded to an assault call on October 29, 1990. Limon stated that he "interviewed" the
Bennetts at a Texaco service station, observed Mr. Bennett's appearance, and filed a supplemental
report. On direct examination, Limon did not testify as to any conversation he had with the
Bennetts. On cross-examination, Officer Limon was asked:



Q How many times did Mr. Bennett tell you he was hit by Milhim?


 Mr. Duggan [prosecutor]:  Your Honor, the State is going to object to this as
hearsay. I believe the proper person to ask this would be Mr. Bennett, not
this officer because anything this officer could testify to would be hearsay.


 Mr. Friedman [defense counsel]:  We've been asking questions about the
police report -- the investigation that he did and reported.


 The Court:  I'll sustain the objection.



Nothing is preserved for review. Appellant has failed to perfect a bill of exception or to make
an offer of proof to show the nature of the testimony that was excluded. Medina, 828 S.W.2d at
270; Johnson, 800 S.W.2d at 566-67. Moreover, the claim on appeal that the evidence was not
being offered for the truth of the matter asserted was never made to the trial court. Appellant's
third point of error is overruled.

 In his fourth point of error, appellant urges that the trial court erred in excluding
as hearsay Officer Limon's offense report, "where the report was being offered not to prove the
matters asserted, but to show a lack of credibility of the State's witnesses, and the report was
admissible as a business record."

 During the cross-examination of Officer Limon, the record reflects:



Q And based on what you've read on your supplemental report that you had a
chance to review a few minutes ago, that supplemental report is a true and
accurate representation of what you were told?


A Yes, sir --


 Mr. Duggan [prosecutor]:  Your Honor, once again, the State is going to
object. I believe defense counsel has already asked this and it's been answered
by this officer, and I think it's belaboring the point.


 Mr. Friedman [defense counsel]:  Your Honor, at this point, notwithstanding
that objection, we're going to tender a supplemental report as written and
identified by Officer Limon as a true and accurate representation of what the 
investigation showed and what he was told. It has direct relevance on
testimony and credibility of the testimony of both Mr. Bennett and Mrs.
Bennett.


 Mr. Duggan:  Your Honor, the State would argue that that would be highly
objectionable as to hearsay. The officer has written down hearsay statements
of other witnesses, and we would argue that it would be hearsay to allow
something like that.


 The Court:  Sustain the objection.



The matter was not further pursued. The offense report was not made a part of the record. See
Tex. R. App. P. 50(d). Appellant has failed to perfect a bill of exception or to make an offer of
proof to show the nature of the evidence included in the offense report. Nothing is presented for
review. Medina, 828 S.W.2d at 270; Johnson, 800 S.W.2d at 566-67. Moreover, appellant
never advised the trial court that he was not offering the offense report for the truth of the matter
asserted nor claimed it was admissible as a business record or report. See Tex. R. Crim. Evid.
803(6). Appellant certainly never laid the predicate for the admission of the offense report as a
business record. See id. Appellant's fourth point of error is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

[Before Justices Powers, B. A. Smith and Onion*]

Affirmed

Filed: March 17, 1993

[Do Not Publish]
















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by 
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).