CR5-745.KING 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00745-CR







George Leonard King, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 8407, HONORABLE FRED A. MOORE, JUDGE PRESIDING






PER CURIAM


 A jury found appellant George Leonard King guilty of two counts of aggravated sexual
assault and one count of indecency with a child. Regarding the aggravated assault charges, the jury
assessed punishment at imprisonment for eighty years and fifty-five years. Regarding the indecency with
a child charge, the jury assessed punishment at imprisonment for twenty years. By three points of error,
appellant contends that the trial court reversibly erred by refusing to require the State to determine how the
parole instruction should be presented to the jury. By his fourth point of error, appellant complains that the
State's closing argument at the punishment phase was improper. We will affirm the trial court's judgment.



BACKGROUND 


 Each of the three counts of the indictment charged that appellant committed these offenses
"on or about" February 24, 1994. At the guilt/innocence phase of trial, the specific dates on which
appellant committed the offenses were not proved. The complainant was eleven years old at the time of
trial. The evidence at the guilt phase showed that appellant's daughter, the complainant's mother, had a
discussion with the complainant when she was three years old regarding some sort of abuse by appellant. 


 Though the complainant did not give specific dates, she stated that appellant had engaged
in various sexual acts with her beginning when she was three or four. She described several incidences of
sexual contact with appellant. She testified that the last occurrence was when she was nine years old. The
complainant's brother testified about an incident he witnessed between appellant and the complainant that
occurred when she was about six years old.

 When an indictment alleges that an offense occurred "on or about" a certain date, the State
is not bound by the exact date, but may prove that the offense was commenced at a date before the
presentment of the indictment and not so remote so as to be barred by limitations. Mireles v. State, 901
S.W.2d 458, 459 (Tex. Crim. App. 1995); Tex. Code Crim. Proc. Ann. art. 21.02(6) (West 1989). 
While the evidence did not establish the specific dates that the offenses occurred, the evidence did show
that appellant committed the offenses within the ten-year statute of limitations period. (1) Tex. Code Crim.
Proc. Ann. 12.01 (West Supp. 1997).

 Since the dates of the offenses were not established, and because of the legislature's many
amendments to the parole laws over the last several years, the trial court asked appellant how he wanted
a parole instruction presented to the jury. The State told the trial court that it had no objection to any
instruction about parole and that it would "go with any way the defendant would like to see it." When the
trial court asked appellant to make a choice about how he wished the parole instruction to be given to the
jury, appellant declined. The trial court, noting that appellant would not choose, instructed the jury as
follows:


 

During your deliberations you are not to consider or discuss the possible actions of the
Division of Pardons and Paroles or how long this defendant will be required to serve the
punishment which you assess.



JURY CHARGE REGARDING PAROLE


 By points one, two and three, appellant complains that the trial court erred when charging
the jury about parole. However, appellant does not allege that the instruction was erroneous. Without
citing authority, appellant contends that the trial court erred by denying his request that the State elect how
the jury should be charged regarding parole. Appellant contends that, consequently, he was subjected to
an ex post facto violation pursuant to the federal and state constitutions and was denied due process under
the Fourteenth Amendment to the federal constitution.

 Initially, we note that parole eligibility is governed by Texas Code of Criminal Procedure,
article 42.18, section 8(b)(3). Tex. Code Crim. Proc. Ann. art. 42.18, § 8(b)(3) (West Supp. 1997). The
statutory jury instructions regarding parole are governed by Texas Code of Criminal Procedure, article
37.07, section 4. Tex. Code Crim. Proc. Ann. art. 37.07, § 4 (West Supp. 1997). Article 42.18 was
amended several times during the ten-year statute of limitations period applicable in this cause. (2) 
Additionally, article 37.07 was also amended several times so that it remained consistent with changes in
the parole eligibility law. (3)

 Since the dates of the offenses were not specifically proved, appellant argues that it is
unclear which version of the parole statute, and thus which version of the statutory parole instruction,
applied in this cause. Appellant contends that the State should have been required to elect which parole
instruction should be given to the jury.

 While there are times when the State is required to make an election during a criminal
proceeding, this is not such a time. See Crawford v. State, 696 S.W.2d 903 (Tex. Crim. App. 1985)
(one act of illegal sexual contact alleged by indictment, trial evidence shows multiple acts, State must elect
one act to rely upon for conviction). The State argues that the issue before the Court is similar to a dilemma
that existed when the 1974 Penal Code was enacted. At that time, the question was how to assess
punishment in cases where the offense was committed before the effective date of the new code. In those
cases, the defense was given the opportunity to proceed under the punishment provisions as they existed
in the old act or opt for the provisions of the new code. See Wright v. State, 527 S.W.2d 859 (Tex.
Crim. App. 1975); see also Jones v. State, 502 S.W.2d 771 (Tex. Crim. App. 1973) (defense given
election of punishment provisions under old law or new Controlled Substances Act).

 In this cause, the election of which parole instruction to give to the jury was given to the
defense, the party who would benefit from the choice. When appellant refused to make a choice, the trial
court gave an instruction that would most benefit appellant. We conclude that appellant was not denied
due process or harmed by the court's instruction.

 Additionally, we do not see how the trial court's failure to require the State to choose the
parole instruction constituted an ex post facto violation that harmed appellant. Article 37.07, section 4 is
a procedural statute and affects no change in substantive law. See Medina v. State, 828 S.W.2d 268, 272
(Tex. App.--San Antonio 1992, no pet.). While a procedural change may work to the disadvantage of
an accused, such a change does not violate the constitutional ex post facto prohibition. Id. (citing Carter
v. State, 813 S.W.2d 746, 747-48 (Tex. App.--Houston [1st Dist.] 1991, no pet.) (citing Collins v.
Youngblood, 497 U.S. 37, 45 (1990)). The parole instruction simply informs the jury that good conduct
time and parole exist, and admonishes the jury that it may not consider the manner in which the parole law
may be applied to the defendant. French v. State, 830 S.W.2d 607, 608 (Tex. Crim. App. 1992). An
ex post facto violation occurs when a statute as applied to a defendant punishes as a crime an act previously
committed which was innocent when done; makes punishment for a crime more burdensome after its
commission; or deprives a defendant of a defense available to him at the time the act was committed. Id. 
The parole instruction given at appellant's trial did none of these things. We overrule appellant's points of
error one, two and three.



JURY ARGUMENT


 Appellant complains by point of error four of the State's closing argument at the punishment
phase. Appellant, however, does not designate the particular comment that he contends was improper. 
Additionally, we note that appellant made no objections during the State's closing argument.

 To preserve error for appellate review, a party must make a timely objection, stating the
specific ground for the ruling sought, and obtain a ruling on the record from the trial court. See Tex. R.
App. P. 52(a). To properly preserve error regarding improper jury argument, it is necessary for the
complaining party to (1) make a timely objection, (2) request an instruction to disregard, and (3) move for
a mistrial. Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993). In the instant cause, the record
shows that appellant failed to object at trial. Thus, appellant did not properly preserve error. Cockrell v.
State, No. 71,766 (Tex. Crim. App. September 11, 1996). We overrule point of error four.



CONCLUSION


 We affirm the trial-court judgment.


Before Justices Powers, Jones and B. A. Smith


Affirmed


Filed: December 5, 1996


Do Not Publish
1.   The judgment recites that appellant is guilty of two counts of aggravated sexual assault
and one count of indecency with a child as alleged in the indictment and that appellant
committed the offenses "on or about the 28th day of February 1994."
2.   Section 8(b)(3), the parole eligibility provision for the offenses proved at trial, was added
by the Act of May 21, 1985, 69th Leg., R.S., ch. 427, § 2, 1985 Tex. Gen. Laws 1549
(effective September 1, 1985). This provision was amended by Act of May 25, 1987, 70th
Leg., R.S., ch. 384, § 5, 1987 Tex. Gen. Laws 1889 (effective September 1, 1987); Act of May
27, 1991, 72d Leg., R.S., ch. 652, § 10, 1991 Tex. Gen. Laws 2396 (effective September 1,
1991); Act of May 29, 1993, 73d Leg., R.S., ch. 888, § 2, 1993 Tex. Gen. Laws 3531 (effective
September 1, 1993); Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 6.01, 1993 Tex. Gen.
Laws 3761 (effective September 1, 1993); Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 17,
1995 Tex. Gen. Laws 2476 (effective May 30, 1995); Act of May 29, 1995, 74th Leg., R.S.,
ch. 318, § 64, 1995 Tex. Gen. Laws 2755 (effective September 1, 1995).
3.   Section 4(a), the applicable jury instruction on parole, was added to Article 37.07 of the
Code of Criminal Procedure by the Act of May 26, 1985, 69th Leg., R.S., ch. 576, § 1, 1985
Tex. Gen. Laws 2195 (effective September 1, 1985). This provision was amended by Act of
April 24, 1987, 70th Leg., R.S., ch. 66, § 1, 1987 Tex. Gen. Laws 170 (effective May 6, 1987);
Act of May 23, 1987, 70th Leg., R.S., ch. 1101, § 15, 1987 Tex. Gen. Laws 3765 (effective
September 1, 1987); Act of May 3, 1989, 71st Leg., R.S. ch. 103, § 1, 1989 Tex. Gen. Laws
442 (effective November 7, 1989); Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 5.02, 1993
Tex. Gen. Laws 3743 (effective September 1, 1993). 



ange does not violate the constitutional ex post facto prohibition. Id. (citing Carter
v. State, 813 S.W.2d 746, 747-48 (Tex. App.--Houston [1st Dist.] 1991, no pet.) (citing Collins v.
Youngblood, 497 U.S. 37, 45 (1990)). The parole instruction simply informs the jury that good conduct
time and parole exist, and admonishes the jury that it may not consider the manner in which the parole law
may be applied to the defendant. French v. State, 830 S.