IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-16,184-02




EX PARTE FREDRICK WAYNE JOHNSON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 527808-A IN THE 177TH DISTRICT COURT
FROM HARRIS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to life imprisonment. The Fourteenth Court of Appeals affirmed his
conviction. Johnson v. State, 800 S.W.2d 563 (Tex. App.—Houston [14th Dist.] 1990, pet. ref’d).
            In 2010, Applicant filed a pro se application and claimed, among other things, that he is
actually innocent and that the complainant made false statements. In 2011, counsel filed a
supplemental application and claimed that Applicant is actually innocent. In 2014, she filed a second
supplemental application and added a second claim: the State failed to disclose exculpatory evidence
in violation of Brady v. Maryland, 373 U.S. 83 (1963). 
            The trial court made findings of fact and conclusions of law and determined that Applicant
had not established that he is actually innocent. We agree. The trial court did not, however, address
Applicant’s original pro se claims and his supplemental Brady claim. We are unable to determine
from the record whether Applicant has abandoned these claims or the trial court decided not to
address them.
            Applicant has alleged facts that, if true, might entitle him to relief. Brady v. Maryland, 373
U.S. 83 (1963); Ex parte Chavez, 371 S.W.3d 200 (Tex. Crim. App. 2012). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.
            Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a second hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the
hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall determine whether Applicant has abandoned his other claims. If the trial
court finds that he has not, the trial court shall determine whether Applicant’s due process rights
were violated because the State withheld exculpatory evidence and relied on false testimony. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: June 11, 2014
Do not publish