

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 27, 1993

Honorable Ben W. Childers
Fort Bend County Attorney
309 South Fourth St., Suite 621
Richmond, Texas 77469

Opinion No. DM-220

Re: Whether the Fort Bend County Tax Assessor/Collector may collect additional taxes for change of use of agricultural land in light of the 1989 amendment to section 23.55(e) of the Tax Code (RQ-325)

Dear Mr. Childers:

You have requested an opinion regarding the authority of the Fort Bend County Tax Assessor/Collector (the "tax assessor/collector") to collect certain additional[1] taxes in light of a 1989 amendment to section 23.55(e) of the Tax Code.

Subchapter D of chapter 23 of the Tax Code pertains to the appraisal of agricultural land. Section 23.55 of the Tax Code sets forth the tax adjustment procedures that apply in the event of a change of use of agricultural land. The pertinent provisions of section 23.55 are as follows:

> (a) If the use of land that has been appraised as provided by this subchapter changes, an additional tax is imposed on the land equal to the difference between the taxes imposed on the land for each of the five years preceding the year in which the change of use occurs that the land was appraised as provided by this subchapter and the tax that would have been imposed had the land been taxed on the basis of market value in each of those years, plus interest an annual rate of seven percent calculated from the dates on which the differences would have become due.

> (b) A tax lien attaches to the land on the date the change of use occurs to secure payment of the additional tax and interest imposed by this section and any penalties incurred. The lien exists in favor of all taxing units for which the additional tax is imposed.

> (c) The additional tax imposed by this section does not apply to a year for which the tax has already been imposed.

---

[1] You refer to these additional taxes as "rollback" taxes.

(d) If the change of use applies to only part of a parcel that has been appraised as provided by this subchapter, the additional tax applies only to that part of the parcel and equals the difference between the taxes imposed on that part of the parcel and the taxes that would have been imposed had that part been taxed on the basis of market value.

(e) A determination that a change in use of the land has occurred is made by the chief appraiser. The chief appraiser shall deliver a notice of the determination to the owner of the land as soon as possible after making the determination and shall include in the notice an explanation of the owner's right to protest the determination. If the owner does not file a timely protest or if the final determination of the protest is that the additional taxes are due, the assessor for each taxing unit shall prepare and deliver a bill for the additional taxes plus interest as soon as practicable. The taxes and interest are due and become delinquent and incur penalties and interest as provided by law for ad valorem taxes imposed by the taxing unit if not paid before the next February 1 that is at least 20 days after the date the bill is delivered to the owner of the land.

Subsection (e) of section 23.55 was amended in 1989. *See* Acts 1989, 71st Leg., ch. 796, § 20, at 3598. The amendment had an effective date of September 1, 1989. *See id.* § 49(a).

Prior to that date, subsection (e) provided as follows:

The assessor shall prepare and deliver a statement for the additional taxes plus interest as soon as practicable after the change of use occurs. The taxes and interest are due and become delinquent and incur penalties and interest as provided by law for ad valorem taxes imposed by the taxing unit if not paid before February 1 of the year after the year in which the change of use occurs.

*See* Acts 1981, 67th Leg., 1st C.S., ch. 13, § 71, at 145. The amendment to subsection (e) not only shifted the authority to determine that a change of use of land has occurred from the tax assessor/collector to the chief appraiser, but also changed the date on which the additional taxes are due and become delinquent and incur penalties and interest from "February 1 of the year after the year in which the change of use occurs" to "the next February 1 that is at least 20 days after the date the bill is delivered." *Compare* Acts 1981, 67th Leg., 1st C.S., ch.13, § 71 *with* Acts 1989, 71st Leg., ch. 796, § 20.

According to your query, in 1984 the tax assessor/collector calculated additional taxes for change of use of land for a particular landowner for several past tax years. On September 1, 1989, the amendment to subsection (e) went into effect, transferring the

authority to determine that a change of use of land has occurred from the tax assessor/collector to the chief appraiser of the Fort Bend Central Appraisal District. As of that date, the additional taxes calculated by the tax assessor/collector had not been paid. You state that thereafter "[t]he Fort Bend Central Appraisal District used August 8, 1990 for the date of the use change allowing the tax office to only collect rollback taxes for 1984."[2] You ask whether the tax assessor/collector has the authority to collect the additional taxes for the past tax years prior to 1984.

The amendment to subsection (e) was not enacted with a savings clause. *See* Acts 1989, 71st Leg., ch. 796, § 49, at 3606. Therefore, its construction should be guided by the general savings provision set forth in section 311.031 of the Code Construction Act. *See* Gov't Code § 311.031; Tax Code § 1.03 (Code Construction Act applies to the construction of Tax Code except as otherwise expressly provided). Section 311.031 provides that an amendment to a statute does not affect any prior action taken under the statute, or any liability previously accrued under it. *Id.* § 311.031(a)(1), (4). Therefore, the amendment to subsection (e) would not invalidate any prior action taken by the tax assessor/collector under that provision or extinguish an existing liability for additional taxes owed as a result of a change of use of land.

In addition, section 311.031(a)(4) provides that the amendment of a statute does not affect "any investigation, proceeding, or remedy concerning any privilege, obligation, liability, penalty, forfeiture, or punishment." The investigation, proceeding, or remedy may be "instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been . . . amended." Gov't Code § 311.031(a)(4); *see also Spindletop Oil and Gas Co. v. Parker County*, 738 S.W.2d 715, 720 (Tex. App.-- Fort Worth 1987, writ denied). Therefore, the provisions of the pre-amendment version of subsection (e) will continue to apply to any proceeding to collect additional taxes instituted prior to the effective date of the amendment.[3] Under the pre-amendment version of subsection (e), a proceeding to collect additional taxes would have been

---

[2]Given that section 23.55(a) only authorizes the collection of additional taxes for "for each of the five years preceding the year in which the change of use occurs," we are somewhat confused by your suggestion that the tax assessor/collector would have the authority to collect additional taxes for the 1984 tax year for a change of use determined to have occurred in 1990.

[3]We note that unlike the pre-amendment version of subsection (e), the current version of subsection (e) includes provisions requiring that landowners be given notice of their right to protest a change of use of land determination. Section 41.41(8) of the Tax Code which sets forth landowners' right to protest a change of use determination was enacted at the same time. *See* Acts 1989, 71st Leg., ch. 796, § 34, at 3601. We express no opinion whether these protest provisions would apply to a pending proceeding. *See id.* § 49(f) ("The change in law made by [§ 34] applies only to a protest for which the notice of protest is filed on or after the effective date of [§ 34]"); *see also Wade v. State*, 572 S.W.2d 533, 534 (Tex. Crim. App. [Panel Op.] 1978) (absent legislative intent to the contrary, such as a savings clause, procedural statutes control actions from their effective date, and apply to both pending and future actions).

instituted by delivering "a statement for the additional taxes plus interest" to the landowner. If the tax assessor/collector did not deliver "a statement for the additional taxes plus interest" prior to the effective date of the amendment, however, the new provisions will apply, even though the change of use occurred prior to the effective date.

On the basis of the foregoing principles, we conclude that the tax assessor/collector has the authority to collect the additional taxes under the pre-amendment version of subsection (e) if prior to the effective date of the amendment, *i.e.*, before September 1, 1989, she sent the landowner a statement for additional taxes and interest in accordance with that provision. As of the effective date of the amendment, the authority to determine that a change of use of land has occurred and to notify the landowner of the determination shifted to the chief appraiser. In addition, the date on which the additional taxes are due and become delinquent and incur penalties changed. If the tax assessor/collector did not send the landowner a statement for additional taxes and interest in accordance with the pre-amendment version of subsection (e) prior to September 1, 1989, then the current version of that provision governs. Only the chief appraiser would be authorized to determine that a change of use of land has occurred, and the taxes would be due on the next February 1 that is at least 20 days after the date the bill is delivered. Moreover, in that case, the tax assessor/collector would not be authorized to collect any additional taxes based on a change of use of land absent the chief appraiser's determination, even if the change of use of land occurred prior to September 1, 1989.

There appears to be some question here whether the tax assessor/collector actually sent the landowner a statement for additional taxes and interest in accordance with the pre-amendment version of subsection (e) prior to September 1, 1989. You state that "[i]n February of 1984, rollback taxes were calculated for [the landowner] and mailed by a Fort Bend County Tax Research Clerk. During that time period rollback taxes were calculated at the request of the [landowner]." You also state that in 1989 a representative of the landowner "acknowledged receiving the rollback taxes calculated by the tax office in 1984." Apparently, "[t]he [tax assessor/collector] believes that because [the landowner] was given notice of the change in land use and acknowledged same prior to the 1989 amendment, she has the authority to collect the rollback taxes." The determination whether the communication sent to the landowner in 1984 and the landowner's alleged acknowledgement of that communication in 1989 satisfy the pre-amendment version of subsection (e) would require the resolution of fact questions. We cannot resolve fact questions in an attorney general opinion, Attorney General Opinion JM-495 (1986), and are therefore unable to provide a definitive response to your query.

## S U M M A R Y

The 1989 amendment of section 23.55(e) of the Tax Code shifted the authority to determine that a change of use of agricultural land has occurred and to notify the landowner of the determination from the Fort Bend County tax assessor/collector to the chief

appraiser of the Fort Bend Central Appraisal District.   The tax assessor/collector has the authority to collect the additional taxes at issue pursuant to the pre-amendment version of section 23.55(e) only if the tax assessor/collector sent the landowner a statement for additional taxes and interest prior to September 1, 1989, the effective date of the amendment.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General  for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General