Linzy WADE, Appellant,

v.

The STATE of Texas, Appellee.

No. 59349.

Court of Criminal Appeals of Texas,
Panel No. 2.

Oct. 18, 1978.

Appellant's Motion for Rehearing En Banc
Denied Nov. 8, 1978.

Dain P. Whitworth, Austin, for appellant.

Ronald D. Earle, Dist. Atty., and Bill White, Asst. Dist. Atty., Austin, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the felony offense of driving a motor vehicle on a public highway while intoxicated. The punishment is imprisonment for three years. The imposition of sentence was suspended and the appellant was granted probation.

Our disposition of this appeal requires that we interpret some of the provisions of the Speedy Trial Act, Chapter 32A, V.A.C.C.P. Subject to exceptions not applicable in this case, the Speedy Trial Act provides that if a defendant is accused of a felony, a court shall grant a motion to set aside the indictment, information, or complaint if the State is not ready for trial within 120 days of the commencement of the criminal action. Art. 32A.02, Sec. 1(1), V.A.C.C.P. The criminal action commenced in this case when the appellant was arrested. Art. 32A.02, Sec. 2(a), V.A.C.C.P.

The appellant was arrested on February 5, 1978. On July 5, the appellant filed a motion to set aside the indictment alleging that more than 120 days had elapsed since the criminal action commenced and the State had not announced ready for trial.

Does the Speedy Trial Act apply to cases pending on July 1, 1978, the effective date of the Act? If so, is the time which elapsed prior to July 1 to be considered in determining whether the motion to set aside the indictment should be granted? We answer the first question yes and the second question no.

The Speedy Trial Act contains no express provisions with regard to its application to pending cases. Although the Legislature did delay the effective date of the Act for one year, this was for the purpose of allowing prosecutors and the courts time to implement procedures to carry out the terms of the Act. This delay in the effective date does not give any indication of the intent of the Legislature with regard to the questions raised in this case.

Unquestionably the Speedy Trial Act relates to procedure; it is not substantive law defining criminal acts and providing for penalties. The general rule is that in the absence of an express intention to the contrary procedural statutes control litigation from their effective date; that is, they apply to both pending and future actions. *Granviel v. State*, 552 S.W.2d 107 (Tex.Cr.App.1976); *Wilson v. State*, 473 S.W.2d 532 (Tex.Cr.App.1971); *Exxon Corporation v. Brecheen*, 526 S.W.2d 519 (Tex. Sup.1975); *Southwestern Bell Telephone Co. v. City of Kountze*, 543 S.W.2d 871 (Tex.Civ.App.—Beaumount 1976, no writ); *Regal Properties v. Donovitz*, 479 S.W.2d 748 (Tex.Civ.App.—Dallas 1972, writ ref. n. r. e.). We hold that, in accord with the general rule, the Speedy Trial Act applies to appellant's and other criminal cases pending on July 1, 1978, as well as to criminal cases commencing on or after that date.

Appellant argues that if the Speedy Trial Act is to be applied to cases pending on July 1, then the terms of Art. 32A.02, Sec. 2, V.A.C.C.P., require that the time which elapsed after the commencement of such cases but prior to July 1 be considered when applying the time limits set out in Art. 32A.02, Sec. 1, V.A.C.C.P. We disagree. Art. 32A.02, Sec. 2, supra, specifies when a case commences for purposes of the Act. It does not speak to the question of how the time limits contained in Art. 32A.02, Sec. 1, supra, are to be applied in cases pending on the effective date of the Act. In fact, the Act as a whole is silent as to this question. Therefore, this Court must ascertain the intent of the Legislature in this respect. We must also rely on the established rules of statutory construction.

An act of the Legislature is operative as notice of its provisions only when it becomes effective as a law. *Popham v. Patterson*, 121 Tex. 615, 51 S.W.2d 680 (1932); *Norton v. Kleberg County*, 149 Tex. 261, 231 S.W.2d 716 (1950); *Regal Properties v. Donovitz*, supra. The Speedy Trial Act became effective as a law on July 1, 1978. That is, July 1, 1978, was the effective date for all of the provisions of the Act,

not portions of the Act. Prior to that date, prosecutors, defendants and the courts were neither required to take notice of nor to take any action under the terms of the Act. If the State was not required to take notice of its provisions or to take any action under the Act prior to July 1, the time which elapsed prior to that date cannot be considered when determining motions to dismiss under Art. 32A.02, Sec. 1, supra. The logical extension of the appellant's argument would be that the cases pending on July 1, 1978, that were commenced even prior to the passage of the Speedy Trial Act would be controlled by its provisions. It defies reason to suggest that the State should have anticipated and followed the terms of a statute not in existence at the time such cases commenced.

 In construing a statute, a rational and sensible construction should be favored. 2A Sands, Sutherland Statutory Construction, Sec. 45.12 (4th ed., 1972). We should not ascribe to the Legislature an intention to do an unreasonable thing if the statute is susceptible of a construction that will prevent such a result. *Trimmier v. Carlton*, 116 Tex. 572, 296 S.W. 1070 (1927). If we were to construe the Speedy Trial Act in the manner suggested by appellant, and hold that the time which elapsed prior to the effective date of the Act is to be considered in determining motions to set aside the indictment under Art. 32A.02, Sec. 1, supra, we would be saying we believe that the Legislature intended that many cases pending on July 1, 1978, should be dismissed unless the State had taken some action not required by the Speedy Trial Act before that date. We are convinced that such an unreasonable result was not intended by the Legislature. Moreover, we are equally convinced that the Legislature, by specifying that the Speedy Trial Act was to become effective on July 1, intended to strike a reasonable balance between the interests of defendants and the interests of the State. This balance is achieved if, as applied to cases pending on July 1, the time limits specified in Art. 32A.02, Sec. 1, supra, run from that date.

In addition to the rights secured by the Speedy Trial Act, all defendants, including those whose cases were pending on July 1, may assert their right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution, Art. I, Sec. 10 of the Texas Constitution, and Art. 1.05, V.A.C.C.P. See *Grayless v. State,* 567 S.W.2d 216 (Tex.Cr.App.1978); *Easley v. State,* 564 S.W.2d 742 (Tex.Cr.App.1978); *Turner v. State,* 545 S.W.2d 133 (Tex.Cr. App.1976).

In summary, Chapter 32A, V.A.C.C.P., applies to criminal cases pending on July 1, 1978, as well as to cases commenced on or after that date. In determining whether a motion to set aside an indictment should be granted in cases pending on July 1, the time which elapsed prior to that date is not to be considered. In such cases, the time limits specified in Art. 32A.02, Sec. 1, V.A.C.C.P., run from July 1, 1978.

The judgment is affirmed.