Henry Lee CARTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00843–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 25, 1991.

Thomas J. Lewis, Houston, for appellant.

John B. Holmes, Harris Co. Dist. Atty. and J. Harvey Hudson, Asst. Harris Co. Dist. Atty., for appellee.

Before TREVATHAN, C.J., DUNN, J., and FRANK C. PRICE, Former Justice[1], Assigned.

OPINION

TREVATHAN, Chief Justice.

This is an appeal from assessment of punishment by the trial court. We affirm.

On January 15, 1977, appellant was convicted by a jury of five counts of aggravated robbery. The jury imposed punishment of life imprisonment for count one and 99 years for counts two, three, four, and six. Count five was dismissed prior to the punishment phase of the trial. All sentences were to run concurrently. Appellant began serving his sentences in December of 1977. In August of 1990, the United States District Court for the Southern District of Texas set aside appellant's sentences and allowed the State a retrial on punishment. On September 17, 1990, the trial court re-

1. The Honorable Frank C. Price, former justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

heard the punishment phase of the 1977 convictions, and appellant was sentenced by the court to 50 years confinement in the Institutional Division of the Texas Department of Criminal Justice.

In 1990, at appellant's punishment hearing, the State introduced a penitentiary packet that included appellant's 1986 conviction for possession of a deadly weapon in a penal institution. Counsel for appellant objected to this evidence, stating that it did not constitute a "prior" conviction, but was a "subsequent" conviction, since the conviction occurred after appellant was found guilty in the instant case.

In 1977, Texas Code of Criminal Procedure, article 37.07, section 3(a) provided:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

This version of article 37.07 was in effect at the time appellant was convicted in 1977.

In 1987, article 37.07, section 3(a) was amended to state:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may, *as permitted by the Rules of Evidence*, be offered by the state and the defendant as to *any matter the court deems relevant to sentencing, including* the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

Tex.Code Crim.P.Ann. art. 37.07, § 3(a) (Vernon Supp.1991) (emphasis added). The trial court used the amended version of article 37.07 to consider evidence of the

1986 conviction at the punishment phase of the trial.

Appellant brings forward one point of error, contending that the trial court erred in admitting evidence that appellant was convicted of a felony subsequent to the guilt/innocence phase of the trial. Appellant argues that application of the statute in effect in 1977 would have barred the State from introducing evidence of a subsequent felony conviction at the punishment phase of the trial in 1990. Appellant maintains that application of the 1987 amendment to the punishment phase of trial for the 1977 convictions is barred by federal and state constitutional prohibitions on ex post facto laws.[2]

■ An ex post facto law is one that: (1) punished as a crime an act previously committed, which was innocent when done; (2) makes more burdensome the punishment for a crime, after its commission; or (3) deprives one charged with a crime of any defense available according to law at the time when the act was committed. *Dobbert v. Florida*, 432 U.S. 282, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977); *Beazell v. Ohio*, 269 U.S. 167, 169–70, 46 S.Ct. 68, 68–69, 70 L.Ed. 216 (1925).

■ Laws that do not amend substantive law by defining criminal acts or providing for penalties are procedural in nature. *Ex parte Johnson*, 697 S.W.2d 605, 607 (Tex. Crim.App.1985). Unless a remedy is extinguished or so encumbered with conditions that its application is rendered useless, a law that merely affects a remedy or a procedure is not within the scope of the prohibition against retroactive laws. *Ex parte Roper*, 61 Tex.Crim. 68, 134 S.W. 334, 339 (1911).

■ We hold that article 37.07 is a procedural statute, as it involves only the admissibility of evidence and affects no change in substantive law. *See Hubbard v. State*, 809 S.W.2d 316 (Tex.App.—Fort Worth 1991, pet. filed); *Huggins v. State*, 795 S.W.2d 909 (Tex.App.—Beaumont 1990, pet. ref'd). Even though procedural changes may work to the disadvantage of

---

**2.** U.S.Const. art. 1, § 9, cl. 3; Tex.Const. art. 1, § 16.

an accused, such changes do not violate the constitutional ex post facto prohibition. *Collins v. Youngblood,* — U.S. —, 110 S.Ct. 2715, 2720, 111 L.Ed.2d 30 (1990).

■ Absent an express provision to the contrary, procedural statutes control litigation from their effective date and apply to litigation that is pending. *Wade v. State,* 572 S.W.2d 533, 534 (Tex.Crim.App.1978); *Cooper v. State,* 769 S.W.2d 301, 306 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd). The amended version of article 37.07 applied to evidence that was introduced at appellant's punishment hearing.

We overrule appellant's point of error and affirm the judgment of the trial court.