Sanders 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-271-CR





JAMES BOLIVAR SANDERS, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 87,403, HONORABLE BOB PERKINS, JUDGE PRESIDING



 




 Appellant, James Bolivar Sanders Jr., was convicted of aggravated sexual assault. 
In his original appeal, this Court affirmed the judgment as to guilt, but remanded the case for a
new trial on punishment. (1) On the punishment retrial, the jury sentenced appellant to eighty years'
confinement in the Institutional Division of the Texas Department of Criminal Justice.



FACTUAL AND PROCEDURAL BACKGROUND


 The offense in this cause occurred on January 16, 1987, when appellant forced
himself into complainant's apartment, threatened her with a gun, and sexually assaulted her. 
Appellant was later indicted for an unrelated burglary of a habitation, which occurred nearly two

months later on March 9, 1987, when appellant broke into another apartment and committed theft.

 On August 14, 1987, approximately seven months after the aggravated sexual
assault, a jury found appellant guilty of that offense and assessed punishment at forty years'
imprisonment. From this original trial and conviction, appellant gave timely notice of appeal to
this Court. Six days later, on August 20, 1987, appellant entered into a plea bargain agreement
with the State and pleaded guilty to the burglary charge. The court assessed a term of fifteen
years as punishment, to run concurrently with the forty-year sentence imposed by the jury for the
aggravated sexual assault. 

 On the appeal of his conviction for aggravated sexual assault, this Court, in an
unpublished opinion, affirmed the judgment as to guilt but reversed that part of the judgment
regarding punishment and remanded the case for a new trial solely on that issue. (2) The second
punishment hearing was held on September 14, 1990. 

 During the second punishment hearing, the trial court considered the admissibility
of the intervening burglary conviction. Appellant argued that since the burglary occurred after
the aggravated sexual assault, it was inadmissible as a "prior conviction." The trial court
overruled appellant's objection.

 At the conclusion of the second trial on punishment, the jury assessed appellant's
punishment at eighty years in the Institutional Division of the Texas Department of Criminal
Justice. Appellant now appeals this retrial of his punishment.



DISCUSSION AND HOLDING


 Appellant brings forth three points of error from the district court. Appellant
complains first that the district court erred in allowing the intervening burglary conviction into
evidence because, as a matter of law, an intervening conviction cannot be used as a "prior
conviction" during a punishment retrial. Second, appellant complains that the district court erred
in overruling his objection to the prosecutor's factual description of the burglary in question. 
Third, appellant complains that he was deprived of a fair trial due to ineffective assistance of
counsel. 

1. Use of an Intervening Conviction as a "Prior Conviction"

 In his first point of error, appellant contends that the district court erred in allowing
the burglary conviction to be used as a "prior conviction" at his retrial on punishment since the
burglary offense occurred subsequent to the aggravated sexual assault. 

 Appellant was convicted of aggravated sexual assault on August 14, 1987, and six
days later, on August 20, 1987, he entered into a plea bargain agreement with the State and
voluntarily pled guilty to burglary of a habitation. Appellant argues that since the burglary
conviction could not be used in the original punishment phase of the aggravated sexual assault
trial, it should not be used on the retrial of his punishment. In support of his argument, appellant
cites article 44.29(b) of the Texas Code of Criminal Procedure, and Rule 32 of the Texas Rules
of Appellate Procedure.

 Article 44.29(b), Effect of Reversal, states:



If the court of appeals or the Court of Criminal Appeals awards a new trial to the
defendant . . . only on the basis of an error or errors made in the punishment stage
of the trial, the cause shall stand as it would have stood in case the new trial had
been granted by the court below, except that the court shall commence the new
trial as if a finding of guilt had been returned and proceed to the punishment stage
of the trial under Subsection (b), Section 2, article 37.07, of this code. 



Tex. Code Crim. Proc. Ann. art. 44.29(b) (Supp. 1992) (emphasis added). Rule 32, Effect of
New Trial, states:



Granting a new trial restores the case to its position before the former trial
including, at the option of either party, arraignment or pretrial proceedings
initiated by that party.



Tex. R. App. P. Ann. 32 (Pamph. 1992) (emphasis added).


 While under article 44.29(b) and Rule 32, appellant's case is restored to its legal
status before the former trial, it does not freeze appellant's case in point of time. Evidence may
become available for use by either the State or defense that was unavailable during the former
trial. Article 44.29(b) and Rule 32 do not bar the use of newly available evidence, such as
appellant's intervening felony conviction, upon the retrial on the issue of punishment. In fact,
article 44.29(b) specifically allows a defendant's prior criminal record into evidence. 

 Article 44.29(b) states:



 At the new trial, the court shall allow both the state and the defendant to
introduce evidence to show the circumstances of the offense and other evidence as
permitted by Section 3 of article 37.07 of this code.



Tex. Code Crim. Proc. Ann. art. 44.29(b) (Supp. 1992). Article 37.07, section 3(a) also
specifically states:



Regardless of the plea and whether other punishment be assessed by the judge or
the jury, evidence may, as permitted by the Rules of Evidence, be offered by the
state and the defendant as to any matter the court deems relevant to sentencing,
including the prior criminal record of the defendant, his general reputation and his
character. The term prior criminal record means a final conviction in a court of
record, or a probated or suspended sentence that has occurred prior to trial, or any
final conviction material to the offense charged.



Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Supp. 1992) (emphasis added).

 We hold that the term "prior criminal record" includes a final conviction occurring
"prior" to the date of the retrial of appellant's punishment. Appellant's burglary conviction
occurred prior to his punishment retrial and constituted a "final conviction in a court of record." 
Id.; see Burton v. State, 493 S.W.2d 837, 840 (Tex. Crim. App. 1973) (any prior conviction
relevant under Article 37.07 § 3(a) is admissible.) (3) As such, the intervening conviction was
admissible upon retrial of the punishment phase under article 44.29(b) as "other evidence as
permitted by section 3 of article 37.07(a) of this code."

 This issue was recently addressed by the Houston Court of Appeals in Carter v.
State, 813 S.W.2d 746 (Tex. App. 1991, no pet.). Carter was convicted of multiple aggravated
robberies in 1977. In August of 1990, a federal court upheld Carter's conviction as to guilt, but
ordered a retrial of the punishment phase. During the retrial, the State introduced evidence of an
intervening 1986 conviction for possession of a deadly weapon while incarcerated. Although
specifically addressing an ex post facto question, the Houston court implicitly upheld the trial
court's reliance on article 37.07, section 3(a) to allow introduction of the intervening 1986
conviction into evidence. See Carter, 813 S.W.2d at 747-48. We find this case persuasive in our
interpretation of the statutes to allow admission of this type of evidence during a retrial of
punishment. We hold that the trial court did not err in concluding that appellant's intervening
burglary conviction was relevant to sentencing and admitting it into evidence during his retrial on
punishment.

 Additionally, we conclude that appellant waived his first point of error. During
discussion of the motions in limine, the trial court inquired if the State was seeking to introduce
the burglary conviction into evidence, and the State responded, "Yes, sir." Appellant voiced no
objection. When the State offered appellant's burglary conviction into evidence during its case-in-chief, the trial court inquired if appellant had any objection, to which defense counsel replied, "No
objection, Your Honor." Only after the burglary conviction was admitted into evidence did
appellant object for the first time. Since appellant failed to timely object to the evidence when it
was offered, appellant waived any further objection once it was admitted, Lyles v. State, 351
S.W.2d 886, 888 (Tex. Crim. App. 1961) (citing McCain v. State, 141 S.W.2d 613 (Tex. Crim.
App. 1940)), and thus appellant failed to preserve error. Frey v. State, 466 S.W.2d 576, 577-78
(Tex. Crim. App. 1971) (appellant who waived objection to an exhibit showing his prior criminal
record cannot complain on appeal of its introduction into evidence). Appellant's first point of
error is overruled.


2. Objection to the Factual Details of the Conviction

 Appellant's next point of error complains that the district court erred in overruling
his objection to the prosecutor's factual description of the burglary in question. The record
reveals that this point of error is groundless since the objection was sustained. Specifically, the
prosecutor stated that appellant was in "another woman's house," when referring to the burglary
conviction. Appellant objected to the lack of testimony supporting the claim that he was in
another woman's house, and the trial court sustained that objection. Since appellant failed to ask
for any further relief after the objection was sustained, no error was preserved. Sawyers v. State,
724 S.W.2d 24, 38 (Tex. Crim. App. 1986), overruled on other grounds, Watson v. State, 762
S.W.2d 591, 599 (Tex. Crim. App. 1988); Parr v. State, 606 S.W.2d 928, 930 (Tex. Crim. App.
1986).

 Appellant also complains about comments made by the prosecutor to the effect that
"[appellant] terrorizes. He commits burglaries. He drives around with an arsenal." However,
appellant failed to object to these comments at trial. "The proper method of pursuing an objection
to an adverse ruling is to (1) object, (2) request an instruction to disregard, and (3) move for a
mistrial." Id., (citing Koller v. State, 518 S.W.2d 373 (Tex. Crim. App. 1975)); Brooks v. State,
642 S.W.2d 791 (Tex. Crim. App. 1982). Since appellant failed to specifically object to the
additional comments in question, appellant waived any error. Tex. R. App. P. Ann. 52(a)
(Pamph. 1992). (4) Appellant's second point of error is overruled.


3. Ineffective Assistance of Counsel


 Appellant complains in his third point of error that he was deprived of a fair trial
due to ineffective assistance of counsel. Specifically, appellant complains that counsel was
ineffective in failing to properly investigate alibi witnesses, in failing to develop exculpatory
evidence through expert witnesses, and in failing to present a coherent defense. 

 These complaints concern alleged ineffective assistance of counsel during
appellant's original trial on the guilt or innocence phase, the first punishment hearing, and the
appeal therefrom. (5) These points of error should have been raised as part of appellant's original
appeal. This appeal is limited solely to the retrial of appellant's punishment. Therefore, appellant
presents no point of error for review on this appeal. Accordingly, his third point of error is
overruled.

 Finding no error, the judgment of the district court is affirmed.




 

 Mack Kidd, Justice

[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: June 10, 1992

[Publish]
1. Sanders v. State, No. 03-87-194-CR (Tex. App.--Austin, December 21, 1988,
unpublished, no pet.).
2. The original jury charge used a statutory instruction on parole which was held
unconstitutional in Rose v. State, 752 S.W.2d 529, 537 (Tex. Crim. App. 1987). We found
harmful error because we could not find, beyond a reasonable doubt, that the jury had not
computed appellant's sentence on the basis of some specific minimum amount of time that they
wanted him to serve before parole eligibility. 
3. Conversely, under the enhancement statute, Tex. Penal Code Ann. § 12.42 (1974 &
Supp. 1992), as opposed to article 37.07 § 3(a), each succeeding conviction must be
subsequent to the previous conviction both in point in time of the commission of the offense
and the conviction, to be used to enhance. See Rogers v. State, 325 S.W.2d 697 (Tex. Crim.
App. 1959), overruled on other grounds, Scott v. State, 553 S.W.2d 361, 363 (Tex. Crim.
App. 1977). Although appellant argues that the use of the burglary conviction in the retrial
constituted de facto enhancement, appellant concedes that the statutory requirements for
enhancement are not at issue.
4.   Although an exception to this rule exists, it exists only if the argument is both improper
and so prejudicial that it cannot be cured by an instruction to disregard. See Biddle v.
State,742 S.W.2d 379, 389 (Tex. Crim. App. 1987). The remarks listed on appeal, taken in
context of the entire record, appear to this court to be a summary of the evidence, a proper
form of jury argument. Madden v. State, 721 S.W.2d 859, 862 (Tex. Crim. App. 1986). 
However, even if the argument were improper, the remarks in this case did not rise to the
level of incurable argument. See Biddle, 742 S.W.2d at 390; Roma v. State, 631 S.W.2d 504,
505 (Tex. Crim. App. 1982).
5.   Appellant also argues ineffective assistance of counsel based on defense counsel failing
to advise him of the possible consequences of pleading guilty to burglary while the conviction
for sexual assault was on appeal. This issue is not part of the record on this appeal; therefore,
we do not address appellant's argument of this issue.