TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00141-CR


NO. 03-95-00142-CR







Floyd Baca, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NOS. 7927 & 7928, HONORABLE NORMAN LANFORD, JUDGE PRESIDING







 These appeals are taken from two convictions for indecency with a child (1) and one
conviction for sexual assault (2)
 arising out of two separate indictments. The indictments were
consolidated. In a bench trial on pleas of not guilty, the trial court found appellant guilty on three
counts and assessed punishment at ten years' imprisonment on each count. The sentences were
suspended and appellant was placed on probation in each case subject to certain conditions.

 Appellant advances three points of error. First, he contends that the trial court
erred in overruling the motion to quash the two indictments against him because the indictments
failed to provide adequate notice of the offense or offenses with which appellant was charged so
that he could prepare a defense. Second, appellant urges that "the trial court erred in failing to
order the State to elect which offense it would rely on for a conviction because the indictments
failed to provide adequate notice of the offense or offenses with which appellant was charged so
that he could prepare a defense." Third, appellant challenges the sufficiency of the evidence to
convict him of the lesser-included offense of sexual assault and of indecency with a child in trial
court cause number 7928 because there was no evidence of an outcry statement "as required from
a complaining witness over the age of fourteen under Article 38.07, VACCP (1983)."

 The indictment in trial court cause number 7927 alleged one count of indecency
with a child and one count of aggravated sexual assault of a child (count two). The second count
contained two paragraphs. The indictment in cause number 7928 alleged one count of indecency
with a child (containing two paragraphs) and one count of aggravated sexual assault of a child
(count two). The two indictments alleged different complaining witnesses. The second paragraph
of count two in cause number 7927 and the second paragraph of count one in cause number 7928
were eventually abandoned and waived by the State. 

 The two indictments were consolidated for trial without objection. Appellant
withdrew his motion to sever. Appellant did file a pretrial motion to quash the indictments. One
of the grounds urged in the motion was "VI. The indictment fails to allege the terms of offense
date so as to provide defendant with notice so as to prepare a defense." It was this ground upon
which appellant relied in the pretrial hearing on the motion to quash or set aside the indictment. 
Appellant's counsel argued that from doctor's reports and statements made to investigators that
there were "a multitude of incidents regarding aggravated sexual assault" and that the defense
needed to know the specific incident the State was relying on for conviction "for aggravated sexual
assault as to dates and places and surrounding circumstances that they were relying on. So as to
distinguish that and extraneous offenses . . . ." Counsel agreed with the trial court that the
indictments were of the "vanilla type" but urged that because of the "on or about" dates alleged
in the indictments and the possibility of a child witness being unable to recall a particular date,
the State might be free to eventually use an extraneous offense as the basis of conviction. The
trial court overruled the pretrial motion to quash.

 In his appellate brief, appellant argues that this ruling was in error because the
"dispute in this appeal, however, is not about the dates alleged in the indictments, but about notice
adequate to distinguish extraneous offenses from the charged offense so as to prepare a defense
to the indicted offenses." 

 In all criminal prosecutions, an accused is guaranteed the right to demand the nature
and cause of the accusation against him and to have a copy thereof. Tex. Const. art. I, § 10. 
This mandate requires that the charging instrument itself convey adequate notice from which the
accused may prepare his defense, and the adequacy of the State's allegations must be tested by its
own terms. DeVaughn v. State, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988).

 In the face of a timely motion to quash the indictment, the indictment must allege
on its face the facts necessary to show that the offense was committed, to bar a subsequent
prosecution for the same offense, and to give the defendant notice of the nature and cause of the
criminal charge alleged against him. Id.; Terry v. State, 471 S.W.2d 848, 852 (Tex. Crim. App.
1971). A motion to quash, however, should be granted only where the language of the indictment
concerning the defendant's conduct is so vague and indefinite as to deny the defendant effective
notice of the acts he allegedly committed. Id.

 The instant indictments each contained two counts with one count involving two
paragraphs. The offenses charged in each were indecency with a child and aggravated sexual
assault. Cause number 7927 pertained to the complaining witness, J. H., and each offense alleged
in the indictment was alleged to have occurred on or about July 20, 1991. Cause number 7928
pertained to the complaining witness, E. P., and each offense alleged in the indictment was
alleged to have occurred on July 20, 1992. The indictments tracked the statutory language of the
penal statutes involved and included all essential elements thereof. We do not understand
appellant to suggest otherwise.

 As a general rule, subject to rare exceptions, a charging instrument that tracks the
language of the statute or statutes defining the offense or offenses will generally be sufficient to
provide notice just as it will be sufficient to charge an offense or offenses. See Martinez v. State,
879 S.W.2d 54, 57 (Tex. Crim. App. 1994); Bynum v. State 767 S.W.2d 769, 778 (Tex. Crim.
App. 1989); DeVaughn, 746 S.W.2d at 67; Young v. State, 806 S.W.2d 340, 343 (Tex.
App.--Austin 1991, pet. ref'd). In such situations, the State need not allege in the charging
instrument facts that are merely evidentiary in nature. Bynum, 767 S.W.2d at 778; Woods v.
State, 801 S.W.2d 932, 943 (Tex. App.--Austin 1990, pet. ref'd). We do not find that the instant
indictments, which tracked the statutory language, are subject to any exceptions.

 Nevertheless, appellant contends that the indictments are not necessarily specific
as to dates, times, and locations so as to give him the proper notice to prepare a defense. He
makes this argument despite the allegations as to the "on or about" dates or that the offenses
occurred in Bastrop County.



Specificity requirements demand only that the location of the offense be described
as within a specified county. Neither accuseds' right to trial preparation notice nor
their right to a charging instrument that will support a plea in bar mean that the
State must describe more precisely where within the county the offense will be
shown to have been committed.



41 George E. Dix & Robert O. Dawson, Criminal Practice and Procedures § 20.120 at 225
(Texas Practice 1995) (hereinafter Dix); see also Ward v. State, 642 S.W.2d 782, 783-84 (Tex.
Crim. App. 1982); Hodge v. State, 527 S.W.2d 289, 290 (Tex. Crim. App. 1975).

 The Texas Code of Criminal Procedure does not explicitly require that the date on
which the offense was committed be alleged in the indictment. Dix, § 20.151 at 285. However,
article 21.02 (requisites of an indictment) provides that: "(6) The time mentioned must be some
date anterior to the presentment of the indictment, and not so remote that the prosecution of the
offense is barred by limitation." Tex. Code Crim. Proc. Ann. art. 21.02(6) (West 1989); see also
Glenn v. State, 436 S.W.2d 334, 346 (Tex. Crim. App. 1969). Generally, then, the indictment
must allege that the offense was committed on a specified date, giving the year, the month, and
the day. Hill v. State, 544 S.W.2d 411, 413 (Tex. Crim. App. 1976). This requirement must
be considered in light of the rule that the date alleged is not binding on the prosecution. The State
is generally free to prove the commission of the alleged offense at any time prior to the
presentation of the indictment and within the applicable period of limitation without regard to the
specific date pled in the indictment. See Dix, § 20.153 at 286; see also Scoggan v. State, 799
S.W.2d 679, 680, n.3 (Tex. Crim. App. 1990); Thomas v. State, 753 S.W.2d 688, 693 (Tex.
Crim. App. 1988). A charging instrument that adequately alleges a date does not somehow
become defective if the proof shows the commission of the offense on a date other than that
alleged. Ex parte Alexander, 685 S.W.2d 57, 59 (Tex. Crim. App. 1985). The common practice
in Texas is to allege the commission of an offense "on or about" a specific date. See State v.
Elliot, 34 Tex. 148, 151 (1870).



Given the lack of any reason for a specific date, and the realities that an
approximation is as specific an allegation as could truthfully be made in most
prosecutions, the court held that an allegation of "on or about" a specific date "is
as specific as the statute requires." 



Dix, § 20.154 at 288 citing (Elliot, 347 Tex. at 151).

 With this background, we observe that whether an indictment provides sufficient
specificity to give the accused the adequate trial preparation notice to which he is entitled must
be determined from the face of the indictment. DeVaughn, 749 S.W.2d at 67; Adams v. State,
707 S.W.2d 900, 901 (Tex. Crim. App. 1986); Saathoff v. State, 908 S.W.2d 523, 528 (Tex.
App.--San Antonio 1995, no pet.).



This means that at the appellate level, the court's analysis of the sufficiency of the
charging instrument cannot be informed by what the record shows later turned out
to be State's evidence at trial. Nor may it be informed by what the accused knew
or did not know about law enforcement officers' investigation, evidence seized and
thus available to the State and similar matters.


Dix, § 20.111 at 232. Appellate courts are barred from considering this information only in
determining whether the indictment was sufficiently specific on its face. Id. at 233.

 In Adams, 707 S.W.2d at 903, it was stated:



The important question is whether a defendant had notice adequate to prepare his
defense. The first step in answering this question is to decide whether the charging
instrument failed to convey some requisite item of "notice." If sufficient notice is
given, this ends our inquiry. If not, the next step is to decide whether, in the
context of the case, this had an impact on the defendant's ability to prepare a
defense and, finally, how great an impact. 



See also Geter v. State, 779 S.W.2d 403, 407 (Tex. Crim. App. 1989); Cook v. State, 824
S.W.2d 334, 338 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd).

 It is clear from the face of the indictments that sufficient notice was given appellant. 
This ends our inquiry. We cannot consider appellant's argument that pretrial reports of doctors
and investigators showed other occurrences or offenses which might fall under the umbrella of the
date and location allegations of the indictments. The trial court did not err in overruling the
pretrial motion to quash the indictments. The first point of error is overruled.

 In his second point of error, appellant urges that the "trial court erred in failing to
order the State to elect which offense it would rely upon for a conviction because the indictments
failed to provide adequate notice of the offense or offenses with which appellant was charged so
that he could prepare a defense." Appellant's contention is somewhat difficult to follow. There
are no references to pages in the record to show where the trial court refused to order the State
to "elect." See Tex. R. App. P. 74(d), (f). There is no showing of any ruling to complain of and
no compliance with the briefing rules. To add to the confusion, the contention is briefed together
with point of error one and the argument as to election is interwoven with other arguments. In
view of the wording of the point of error, appellant may be simply reurging in part the first point
of error.

 Appellant does contend that the evidence at trial showed that appellant and the two
complainants had gone fishing and swimming together a number of times over the course of two
years. He argues that "the evidence contained allegations of multiple indictable acts carried out
on any number of occasions and at any number of locations." 

 The State, of course, may put on evidence of multiple occurrences of the facts
alleged in the indictment, even if the evidence shows that such acts were committed on dates
different than the date or dates alleged in the indictment. Scoggan, 789 S.W.2d at 680, n.3. The
restriction on such evidence is two-fold: (1) the acts shown must not be so remote in time that
the limitations period has expired; and (2) the acts shown must not have occurred after the
presentment of the indictment. Id.; Worley v. State, 870 S.W.2d 620, 622 (Tex. App.--Houston
[1st Dist.] 1994, pet. ref'd). When the evidence shows multiple occurrences of the same conduct
as alleged in the indictment committed against the same complainant, each of which is an offense
for which the defendant may be convicted under the indictment, the State is required to elect
which act it will rely upon to secure a conviction provided that the defendant makes a motion for
election. Scoggan, 789 S.W.2d at 680, n.3; Crawford v. State, 696 S.W.2d 903, 906 (Tex. Crim.
App. 1985); Worley, 870 S.W.2d at 622. Absent a motion by the defendant to require an
election, the State is not required to make the election sua sponte. O'Neal v. State, 746 S.W.2d
769, 771, n.3 (Tex. Crim. App. 1988). We do not find that appellant made such a motion.

 Independent of the pretrial hearing on the motion to quash the indictments, the only
record reference to which we are directed is the ten pages at the close of the State's case-in-chief. 
There, appellant moved for a directed or instructed verdict, but without securing a ruling, moved
to dismiss on the same basis as his earlier motion to quash -- "the lack of specific timeframes and
dates." Without more, appellant then complained of the State's failure to inform him in cause
number 7928 that the offense or offenses alleged had occurred in a vehicle as the complainant had
testified. The disjointed colloquy which followed involved what was contained in a doctor's
report and whether the grand jury testimony had been taken or transcribed. Eventually, the trial
court again overruled the motion to quash and denied the oral motion to dismiss. Appellant then
reurged a motion for an instructed verdict only in cause number 7927 which was overruled. At
no time did appellant point to multiple occurrences as shown by the evidence and request that the
State be required to elect the particular occurrence upon which it would rely for conviction under
any of the counts in either indictment.

 The prosecution was careful in each case to limit its evidence to the particular
incidents alleged that occurred in the summer of 1991 and 1992. In cause number 7927 the
indictment alleged the offenses occurred on or about July 20, 1991. The complainant, J. H.,
testified that the incidents alleged occurred at Pecan Shores in Bastrop County on a day in the first
to the middle part of the summer of 1991. Any details of multiple occurrences or extraneous
offenses were elicited by appellant. In cause number 7928 the indictment alleged the offenses
occurred on or about July 20, 1992. The complainant, E. P., testified that the incidents alleged
occurred on a day in the summer of 1992. He could not recall the exact date but remembered that
it was before August and before the Barbecue Cook-Off in July. Here again any multiple
occurrences or extraneous offenses were elicited by appellant, who even introduced the
complainant's statement to a police officer. Under the circumstances, we cannot say that appellant
was entitled to have the State "elect" even if he had presented a proper motion. The second point
of error is overruled. (3)

 In the third and last point of error, appellant challenges the sufficiency of the
evidence to sustain the convictions of sexual assault and indecency with a child in cause number
7928 "because there was no evidence of an outcry statement as required from a complaining
witness over the age of fourteen under article 38.07, V.A.C.C.P. (1983)."

 Appellant contends that the evidence shows the complainant in cause number 7928,
E. P., was fifteen years old at the time of the alleged offenses, and that he did not make an outcry
within six months. Appellant relies upon the provisions of article 38.07 of the Texas Code of
Criminal Procedure, in effect at the time of the commission of the 1992 offense, which provided:



A conviction under Chapter 21, Section 22.011 or Section 22.021, Penal Code, is
supportable on the uncorroborated testimony of the victim of the sexual offense if
the victim informed any person, other than the defendant, of the alleged offense
within six months after the date on which the offense is alleged to have occurred. 
The requirement that the victim inform another person of alleged offense does not
apply if the victim was younger than 14 years of age at the time of the alleged
offense. The court shall instruct the jury that the time which lapsed between the
alleged offense and the time it was reported shall be considered by the jury only
for the purpose of assessing the weight to be given to the testimony of the victim.



Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 7, 1983 Tex. Gen. Laws 5317, 5319 (Tex.
Code Crim. Proc. Ann. art. 38.07, since amended).



 Article 38.07 was amended in 1993 to provide:



Art. 38.07 Testimony in corroboration of victim of sexual offense


A conviction under Chapter 21, Section 22.011, or Section 22.021, Penal Code,
is supportable on the uncorroborated testimony of the victim of the sexual offense
if the victim informed any person, other than the defendant, of the alleged offense
within one year after the date on which the offense is alleged to have occurred. 
The requirement that the victim inform another person of an alleged offense does
not apply if the victim was younger than 18 years of age at the time of the alleged
offense.



Tex. Code Crim. Proc. Ann. art. 38.07 (West Supp. 1996).

 This amendment extended the outcry period to one year instead of six months and
eliminated the necessity of an outcry when the victim is younger than 18 years of age. The
effective date of this amendment was September 1, 1993. Appellant's trial was conducted in
January 1995 after the effective date of the amendment.

 Absent an express provision to the contrary, procedural statutes control litigation
from their effective date and apply to both pending and future actions or cases. Zimmerman v.
State, 750 S.W.2d 194, 202-04 (Tex. Crim. App. 1988); Wade v. State, 572 S.W.2d 533, 534
(Tex. Crim. App. 1978); Carter v. State, 813 S.W.2d 746, 747 (Tex. App.--Houston [1st Dist.]
1991, no pet.); Cooper v. State, 769 S.W.2d 301, 306 (Tex. App.--Houston [1st Dist.] 1989, pet.
ref'd). Only recently this Court expressly held that the 1993 version of article 38.07 did not run
afoul of the ex post facto clauses of the federal or state constitutions and was applicable in a trial
after its effective date although the offense was committed in 1989. See Linquist v. State, No. 03-94-00765-CR (Tex. App.--Austin, April 10, 1996) (not yet published); contra, Bowers v. State,
914 S.W.2d 213, 217 (Tex. App.--El Paso 1996, pet. filed).

 We adhere to Linquist and hold that the current version of article 38.07 is
applicable to the instant case. Because E. P. was under 18 years of age, the provisions of the
statute were not applicable so as to render the evidence insufficient to sustain either the sexual
assault or indecency with a child convictions in cause number 7928.

 If it can be argued that Linquist was wrongly decided and that the 1983 version of
article 38.07 is applicable to the instant case, we find no merit to appellant's contention. The
evidence was sufficient to show that E. P. told J. H. the day after the alleged offenses what had
happened. The statute requires only that the victim inform "any person" or "another person." 
J. H. was another person. We need not decide whether the overheard telephone conversation with
J. H., or E. P.'s statements to his mother, or Dr. Reynolds, or a deputy sheriff qualified as outcry
statements. The third point of error is overruled.

 The judgments of conviction are affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Powers, Jones and Onion*

Affirmed on Both Causes

Filed: June 26, 1996

Do Not Publish


* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   Tex. Penal Code Ann. § 21.11(a)(1) (West 1994). The current code is cited for
convenience. Act of May 12, 1981, 67th Leg., R.S., ch. 202, § 3, 1981 Tex. Gen. Laws 471,
472 (Tex. Penal Code § 21.11(a)(1) (since amended)) was in effect at time of the commission
of the offense.
2. In trial cause number 7928, appellant was convicted of sexual assault. The indictment
charged the greater offense of aggravated sexual assault under Act of July 18, 1987, 70th
Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code § 22.021, since
amended). At the time of the alleged offense sexual assault was proscribed by Act of May
27, 1991, 72d Leg., R.S., ch. 662, § 1, 1991 Tex. Gen. Laws 2412 (Tex. Penal Code
§ 22.011(a)(2)(B), since amended).

3.   The claimed failure of the State to elect involved in this point of error did not involve
election among the offenses charged in a single indictment.



other person of an alleged offense does
not apply if the victim was younger than 18 years of age at the time of the alleged
offense.



Tex. Code Crim. Proc. Ann. art. 38.07 (West Supp. 1996).

 This amendment extended the outcry period to one year instead of six months and
eliminated the necessity of an outcry when the victim is younger than 18 years of age. The
effective date of this amendment was September 1, 1993. Appellant's trial was conducted in
January 1995 after the effective date of the amendment.

 Absent an express provision to the contrary, procedural statutes control litigation
from their effective date and apply to both pending and future actions or cases. Zimmerman v.
State, 750 S.W.2d 194, 202-04 (Tex. Crim. App. 1988); Wade v. State, 572 S.W.2d 533, 534
(Tex. Crim. App. 1978); Carter v. State, 813 S.W.2d 746, 747 (Tex. App.--Houston [1st Dist.]
1991, no pet.); Cooper v. State, 769 S.W.2d 301, 306 (Tex. App.--Houston [1st Dist.] 1989, pet.
ref'd). Only recently this Court expressly held that the 1993 version of article 38.07 did not run
afoul of the ex post facto clauses of the federal or state constitutions and was applicable in a trial
after its effective date although the offense was committed in 1989. See Linquist v. State, No. 03-94-00765-CR (Tex. App.--Austin, April 10, 1996) (not yet published); contra, Bowers v. State,
914 S.W.2d 213, 217 (Tex. App.--El Paso 1996, pet. filed).

 We adhere to Linquist and hold that the current version of article 38.07 is
applicable to the instant case. Because E. P. was under 18 years of age, the provisions of the
statute were not applicable so as to render the evidence insufficient to sustain either the sexual
assault or indecency with a