Affirmed and Memorandum Opinion filed November 4, 2004









Affirmed and Memorandum Opinion
filed November 4, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00883-CR

____________

 

LAWRENCE TELFORD GREEN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 929,495



 



 

M E M O R A N D U M   O P I N I O N








Appellant Lawrence Telford Green
was convicted of sexual assault of a child. 
A jury sentenced him to fifteen years=
confinement.  In challenging his
conviction, appellant presents four issues for appellate review, arguing: (1)
the evidence is insufficient to support his conviction; (2) the trial court
erred in admitting evidence that he was charged in 1982 with felony sexual
assault of a child; (3) the trial court erred in denying his motion for
mistrial; and (4) the trial court erred in allowing the State to introduce
evidence of the previous charge filed against him in 1982 because the
application of the 1993 amendment to Article 37.07 of the Texas Code of
Criminal Procedure violates the Ex Post Facto Clause of the United States
Constitution.  We affirm the trial court=s
judgment.

Sufficiency of the Evidence

In his first issue, appellant
argues that the evidence is legally insufficient to support his conviction,
citing Wilson v. State, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999).  A person commits the offense of sexual
assault of a child if the person intentionally or knowingly causes the
penetration of the sexual organ of a child by any means.  Tex.
Pen. Code Ann. '
22.011(a)(2)(A) (Vernon Supp. 2004).  A Achild@ is
defined as a person younger than the age of seventeen who is not the spouse of
the actor.  Tex. Pen. Code Ann. '
22.011(c)(1) (Vernon Supp. 2004).

In evaluating a legal-sufficiency
challenge, we view the evidence in the light most favorable to the
verdict.  Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000). The issue on appeal is not whether we
believe the State=s
evidence or believe that the appellant=s
evidence outweighs the State=s evidence.  Wicker v. State, 667 S.W.2d 137, 143
(Tex. Crim. App. 1984).  The verdict may
not be overturned unless it is irrational or unsupported by proof beyond a
reasonable doubt.  Matson v. State,
819 S.W.2d 839, 846 (Tex. Crim. App. 1991). 
Therefore, if any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt, we must affirm.  McDuff v. State, 939 S.W.2d 607, 614 (Tex.
Crim. App. 1997).

Appellant does not identify or
discuss any specific elements of the crime for which he was convicted; rather,
he contends that the State failed to meet its burden of proof beyond a
reasonable doubt because (1) the testimony of the complaining witness lacks
credibility, and (2) there exists a conflict between the testimony of the
complaining witness and that of witness Laronda Sparks as to the time period
during which the complaining witness resided with appellant in his
apartment.  We find that neither
contention provides grounds for reversal of the trial court=s
judgment.








As to appellant=s first
contention, the juryCnot this
courtCis the
sole judge of the credibility of the witnesses=
testimony and the strength of such evidence, and we may not substitute our
judgment for that of the trier of fact.  See
Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  Appellant=s second
contention is similarly without merit because we presume that the trier of fact
resolves conflicts in favor of the prevailing party when faced with conflicting
evidence.  See Turro v. State, 867
S.W.2d 43, 47 (Tex. Crim. App. 1993). 
Moreover, our review of the record indicates that the evidence is
legally sufficient to support each element of the offense for which appellant
was convicted.  Accordingly, we overrule
appellant=s first issue.

Although appellant=s
argument addresses only legal sufficiency, appellant asks for a remand under
his first issue.  Therefore, in the
interest of justice, we will address the factual sufficiency of the
evidence.  When evaluating a challenge to
the factual sufficiency of the evidence, we view all the evidence in a neutral
light and inquire whether the jury was rationally justified in finding guilt
beyond a reasonable doubt.  Zuniga v.
State, No. 539-02, 2004 WL 840786, at *7, __ S.W.3d __, __ (Tex. Crim. App.
Apr. 21, 2004).  A reviewing court may
find the evidence factually insufficient in two ways.  Id. 
First, when considered by itself, the evidence supporting the verdict
may be too weak to support the finding of guilt beyond a reasonable doubt.  Id. 
Second, after weighing the evidence supporting the verdict and the
evidence contrary to the verdict, the contrary evidence may be strong enough
that the beyond-a- reasonable-doubt standard could not have been met.  Id. 
In conducting the factual-sufficiency review, we must employ appropriate
deference so that we do not substitute our judgment for that of the fact
finder.  Id. at *4.  Our evaluation should not intrude upon the
fact finder=s role as the sole judge of the
weight and credibility given to any witness=s
testimony.  Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). 
After viewing all of the evidence under the factual-sufficiency standard
of review, we conclude that the evidence is factually sufficient to support
appellant=s conviction.








Admission
of Evidence of Previous Charges and Confession

In his
second issue, appellant alleges two separate instances of error during the
punishment phase of trial: (1) the admission of testimony that appellant
previously had been charged with sexual assault of a child, evidence which the
State contended showed a pattern of criminal conduct, and (2) the admission of
a written confession allegedly signed by appellant concerning that
incident.  

Previous
Charges of Sexual Assault

To support his complaint that the
trial court erred in admitting testimony that appellant previously had been
charged with sexual assault of a child, appellant argues the evidence is
inadmissible under Texas Rule of Evidence 403. 
Specifically, appellant contends that (1) the prior felony sexual
assault charge from more than twenty years before trial is too remote in time
to be used in this case, and (2) this evidence is unfairly prejudicial.[1]  

As to the remoteness issue, this
court previously has held that remoteness limitations like those contained in
Texas Rule of Evidence 609(b) do not apply to evidence of extraneous crimes or
bad acts introduced at the punishment phase under article 37.07, section 3(a)
of the Texas Code of Criminal Procedure. 
See Tex. Code Crim. Proc.
Ann. art. 37.07, ' 3(a)
(Vernon Supp. 2004); Saldivar v. State, 980 S.W.2d 475, 504B05 (Tex.
App.CHouston
[14th Dist.] 1998, pet. ref=d)
(addressing admissibility of testimony concerning incident from twelve years
before charged offense).  Therefore, the
trial court did not abuse its discretion in overruling appellant=s
remoteness objection to this evidence.








Appellant also asserts that the
trial court abused its discretion in determining that the probative value of
this evidence is not substantially outweighed by the danger of unfair
prejudice.  The Texas Code of
Criminal Procedure permits trial courts to admit evidence deemed relevant to
sentencing, including evidence of other crimes or bad acts.  See Tex.
Code Crim. Proc. Ann. art. 37.07, '
3(a).  At the punishment hearing,
relevant evidence is that which assists the fact finder in determining the
appropriate sentence to give to the particular defendant in the circumstances
presented.  See Rogers v. State,
991 S.W.2d 263, 265 (Tex. Crim. App. 1999). 
This language grants wide latitude in the admission of evidence deemed
relevant.  See Henderson v. State,
29 S.W.3d 616, 626 (Tex. App.CHouston
[1st Dist.] 2000, pet. ref=d); Saldivar,
980 S.W.2d at 504B05.  Even relevant evidence, however, may be
excluded if its probative value is substantially outweighed by the danger of
unfair prejudice.  See Tex. R. Evid. 403; Saldivar, 980
S.W.2d at 504B05.  As used in Rule 403, Aunfair
prejudice@ means the undue tendency of the
evidence to suggest a decision on an improper basis.  See Rogers, 991 S.W.2d at 266.  We will not disturb a trial court=s
determination regarding the admissibility of relevant evidence unless an abuse
of discretion has been shown. See Green v. State, 934 S.W.2d 92, 101B02 (Tex.
Crim. App. 1996).

During the punishment phase of
the trial, Detective Jerry McCurry testified that in the spring of 1982, he
investigated an allegation by a child who alleged that appellant had sexually
assaulted her in an apartment in 1979, when she was eleven years old and
appellant was sixteen years old. 
Detective McCurry stated that he interviewed appellant after the
complainant in the 1979 incident identified appellant from his picture in a
high school yearbook.  Detective McCurry
testified that in his first interview, appellant denied having ever met the
1979 complainant; however, appellant later contacted Detective McCurry and
stated that he wanted to tell him the truth about what had happened.  Detective McCurry testified that, in a second
interview, after being admonished and signing a written waiver of his Miranda
rights, appellant gave a voluntary statement which Detective McCurry typed up
and appellant signed.  This written
statement was admitted in evidence during the punishment phase of the trial.  The written statement relates the following
details, among others, regarding appellant=s alleged
encounter with the eleven-year-old complainant in the 1979 case:








!         Appellant entered the apartment of a girl whom he believed
was 12 or 13 years old.  He held his hand
out to the girl and asked her if she wanted to show him around.

!         The girl started screaming and acting like she was scared,
and appellant held his hand over the girl=s mouth and asked her what
was wrong.  The girl told appellant she
thought he was going to rape her.

!         The girl calmed down, started talking to appellant, and then
asked him to perform anal intercourse on her. 
Appellant replied that he did not do that kind of thing but asked her if
she engaged in oral sex, and she said she did. 
The two went to a bedroom, and the girl performed oral sex on
appellant.  When someone knocked on the
door, appellant exited the apartment through the bedroom window.

!         Appellant did not hit or threaten the girl, but only put his
hand over her mouth and told her to be quiet because he did not want people to
think that he was hurting her.  

!         Appellant told the girl to be quiet and
not to tell people what had happened and that he would kill her if she told
anyone.  








Detective McCurry testified that
a case was filed against appellant based on this alleged episode and that
appellant was certified to stand trial as an adult.  However, Detective McCurry testified that,
according to the court records, the case was dismissed at the complainant=s
request.  Appellant testified during the
punishment phase that he did not engage in any of the conduct described in the
statement that Detective McCurry asserted appellant gave to him in 1982, that
appellant never made that statement or signed that document, and that appellant
does not believe that he made any statement at all to Detective McCurry.  After reviewing the record, we conclude that
the trial court did not abuse its discretion in determining that the probative
value of the evidence regarding this prior sexual assault charge was not
substantially outweighed by the danger of unfair prejudice.[2]  See Rogers, 991 S.W.2d at 265
(holding that trial court did not abuse its discretion in concluding, during
punishment phase, that probative value of appellant=s
sentences of 15 years, 15 years, and 75 years for robbery convictions in 1976,
1981, and 1986 was not substantially outweighed by danger of unfair prejudice);
Davis v. State, 68 S.W.3d 273, 283B84 (Tex.
App.CDallas
2002, pet. ref=d) (holding that, in context of
punishment phase following convictions for money laundering and securing
execution of documents by deception, trial court did not abuse its discretion
in determining that probative value of testimony regarding facts of appellants= three
1981 murder convictions was not substantially outweighed by danger of unfair
prejudice, even though testimony showed that appellant participated in a scheme
to recover insurance and inheritance benefits and that, in furtherance of this
scheme, appellant showed the gunman to an infant=s crib
where the gunman shot the baby in the back of the head). 

Written
Confession to Prior Charges

Appellant separately complains
that the trial court erred in admitting evidence of a written confession to the
crime with which he previously was charged because the State did not provide
notice of its intent to use this evidence of an extraneous offense as required
under Texas Rule of Evidence 404(b). 
However, a defendant=s
discovery motion containing a request for such notice is ineffective to trigger
the Rule 404(b) notice requirements unless he secures a ruling on his motion.  Espinosa v. State, 853 S.W.2d 36, 39 (Tex.
Crim. App. 1993).  In the present case,
appellant=s request was contained only in
his motion for pre-trial discovery and inspection of evidence; the record
reflects, and the trial court acknowledged, the fact that appellant did not
secure a ruling on this motion. 
Therefore, the State was not required to provide notice. 








In addition to asserting arguments based on lack of notice
under Rule 404(b), appellant also asserts the trial court erred in admitting
the written confession based on Texas Rule of Evidence 403.  Appellant alleges the probative value of this
written confession is substantially outweighed by the danger of unfair
prejudice.  Appellant, however, failed to
object to the admission of the written confession on this basis in the trial
court.  Therefore, appellant has not
preserved error as to this complaint.  See
McGinn v. State, 961 S.W.2d 161, 166 (Tex. Crim. App. 1998) (stating that
error is forfeited when the complaint on appeal differs from the complaint at
trial).  In any event, even if appellant
had preserved error as to this objection to the written confession, he could
not establish an abuse of discretion by the trial court in determining that the
probative value of the evidence was not substantially outweighed
by the danger of unfair prejudice.  See
Rogers, 991 S.W.2d at 265; Davis, 68 S.W.3d at 283B84.

Accordingly, we overrule appellant=s second
issue.

Motion for Mistrial

In his third issue, appellant
argues that the trial court erred in denying his motion for mistrial.  In response, the State contends that
appellant failed to preserve error.  We agree.  To preserve error, a party generally must
make a complaint to the trial court in a timely fashion.  See Tex.
R. App. P. 33.1(a).  To be timely,
a complaint must be made as soon as the grounds for the complaint are apparent
or should be apparent.  Wilson v.
State, 7 S.W.3d 136, 146 (Tex. Crim. App. 1999).  That subsequent events may cause a ground for
a complaint to become more apparent does not render timely an otherwise
untimely complaint.  Id.








During appellant=s
cross-examination of his former girlfriend in the guilt-innocence phase of
trial, appellant=s former
girlfriend testified that appellant previously had been charged with sexual
assault of a child.  Appellant objected
at that time; however, appellant did not specify the basis of his objection or
obtain a ruling from the trial court. 
Furthermore, appellant did not request a curative instruction or move
for a mistrial at that time.  The day
after the jury reached a guilty verdict, but shortly before the punishment
phase convened, appellant presented his motion for mistrial to the trial
court.  We conclude that appellant did
not preserve error in the trial court as to his motion for mistrial because he
failed to timely move for a mistrial.  See
Haliburton v. State, 80 S.W.3d 309, 315B16 (Tex.
App.CFort
Worth 2002, no pet.) (holding appellant did not preserve error as to motion for
mistrial regarding prosecution=s closing
argument because appellant did not request mistrial until after jury began
deliberating); Ponce v. State, 68 S.W.3d 718, 721 (Tex. App.CHouston
[14th Dist.] 2001, pet. ref=d) (stating
that motion for mistrial made after the jury returned a guilty verdict is
untimely).  Accordingly, we overrule
appellant=s third issue.

Ex Post Facto Arguments

In his fourth issue, appellant
argues that the trial court erred in allowing the State to introduce evidence
of the previous charge filed against him in 1982 because the application of the
1993 amendment to Article 37.07 of the Texas Code of Criminal Procedure
violates the Ex Post Facto Clause of the United States Constitution.  See U.S.
Const. art. I, ' 9; Tex. Code Crim. Proc. Ann. art. 37.07 '
3(a)(1).  Appellant claims that the
application of the 1993 amendments to this statute violates the Ex Post Facto
Clause because at the time of the alleged extraneous offense, such offenses
were not admissible in the punishment phase of a noncapital case.  








An ex post facto law is
one that (1) punishes as a crime an act previously committed, which was
innocent when done; (2) makes more burdensome the punishment for a crime, after
its commission; or (3) deprives one charged with a crime of any defense
available according to law at the time the act was committed.  Dobbert v. Florida, 432 U.S. 282, 292, 97
S. Ct. 2290, 2298, 53 L. Ed. 2d 344 (1977). 
A statute is procedural if it does not punish an act that was innocent
when done, does not increase punishment for a crime after its commission, and
does not lessen the State=s burden
of proof.  See Collins v. Youngblood,
497 U.S. 37, 51B52, 110
S. Ct. 2715, 2724, 111 L. Ed. 2d 30 (1990); Ex parte Scales, 853 S.W.2d
586, 588 (Tex. Crim. App. 1993).  A
procedural change in a statute is not an ex post facto violation, even
though it may work to a defendant's disadvantage.  Brooks v. State, 822 S.W.2d 765, 769
(Tex. AppCHouston [1st Dist.]), pet. granted
on other grounds and remanded, 854 S.W.2d 659 (Tex. Crim. App. 1992).  Procedural statutes generally control
litigation from their effective date and apply to litigation that is pending.  See Wade v. State, 572 S.W.2d 533, 534
(Tex. Crim. App. 1978); Carter v. State, 813 S.W.2d 746, 747B48 (Tex.
App.CHouston
[1st Dist.] 1991, no pet.).  Because
article 37.07 ' 3(a) is a rule of evidence which
affects only trial procedure and does not do any of the things prohibited by
the Ex Post Facto Clause of the United States Constitution, the application of
the statute does not violate this constitutional provision.  See Barletta v. State, 994 S.W.2d 708, 710B12 (Tex.
App.CTexarkana
1999, pet. ref=d) (holding that article 37.07 ' 3(a) did
not violate the Ex Post Facto Clause of the United States Constitution by
allowing admission in punishment phase of juvenile adjudications that are more
than five years old); Carter, 813 S.W.2d at 747B48; Brooks,
822 S.W.2d at 769.  Accordingly, we
overrule appellant=s fourth
issue.

Having overruled all of appellant=s issues,
we affirm the trial court=s
judgment.

 

/s/        Kem Thompson Frost

Justice

 

Judgment
rendered and Memorandum Opinion filed November 4, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Appellant also
seems to assert on appeal that the trial court erred in admitting this evidence
under Texas Rule of Evidence 404(b); however, appellant did not assert this
complaint in the trial court and therefore has failed to preserve error.  McGinn v. State, 961 S.W.2d 161, 166
(Tex. Crim. App. 1998) (stating that error is forfeited when the complaint on
appeal differs from the complaint at trial). 






[2]  Appellant also
contends here that the prior incident is not similar to the one that is the
subject of the present case.  First, he
claims that the complaining witness in the prior case was only eleven years
old, while the complainant in this case was fourteen or fifteen years of
age.  Second, appellant argues that the
prior incident involved an allegation of Aonly
oral sex,@ while the present case involves allegations of sexual
intercourse.  We are not persuaded by
either of the distinctions on which appellant relies.  The trial court reasonably could have
concluded that the incidents were similar because both allegations involve
conduct prohibited under section 22.011 of the Texas Penal Code.